[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 272 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 273 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 274 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 276 
The levy made by the Deputy Sheriff, Bagg, upon the horse Young Prospect, was sufficient. The proof showed that he went into the stable where the horse was, with the defendant in the execution, and there, the horse being in his view, told the defendant in the execution that he had an execution against his property in favor of the Knapps, and that he then levied on the horse to apply on the execution, and that the defendant must not move the horse. To this no objection appears to have been made by the defendant in the execution. The judge ruled that this made out a sufficient levy, and that a manual seizure of the property was not necessary. In Green v. Burke (23 Wend., 490), and Connah
v. Hale (23 id., 462), the question, what is a sufficient levy, was fully discussed by Mr. Justice *Page 278 
Cowen, in delivering the opinions of the supreme court in those cases, upon an examination in detail of the authorities. and the conclusion was arrived at that a manual interference with the property was not necessary, but that an assertion of right by an officer, in virtue of process in his possession in respect to goods within his power, is an actual taking possession of them, and is sufficient to subject him to an action of trespass, if his process does not protect him. The case of Bailey v. Adams (14Wend., 201) was examined, in that connection, and shown to be inconsistent with the current of authority in this state, so far as it favors the view that manual interference with the property is essential to a valid levy. In the subsequent case of Camp v.Chamberlain (5 Denio, 198), Chief Justice Beardsley maintains, in substance, the same doctrine as is contained in the cases in 23 Wend.
It was shown by the proof that, early in October, 1849, the horse in question came into the hands of the defendant, and was disposed of by him, and the jury, under instructions not complained of, have found in accordance with the proof, and have found against any rightful superior title in Binninger, so that the general question in the cause depends upon the effect of the return of the execution nulla bona in 1850, by the deputy sheriff, and the subsequent cancellation of that return by the order of the supreme court. The supreme court possesses general authority over its own records, and may in its discretion permit amendments of them to be made. The practice is very common and the power well ascertained. (Adams v. Smith, 5 Cowen, 280; 2 Cowen Hill's Notes to Phil. on Ev., 1096.) The defendant is not in a position where he can controvert the authority of the court or the effect of the amendment. His responsibility for the horse arose out of his own wrongful acts before the return was made. The return gave him no right. He did nothing upon the faith of it. If it had not been amended, it could only have operated in his favor, as an obstacle to the plaintiff's *Page 279 
assertion of his rights, and not because it conferred any right upon the defendant.
The court, therefore, committed no error in holding that if the jury found that the property belonged to Bride as against creditors, and was wrongfully taken and converted by the defendant, after the levy and before the return of the execution, the return was well amended. This also disposes of the question upon the judge's refusal to allow the defendant to amend his answer, as the object of the application was to enable the defendant to raise the question of the effect of the original return and its amendment upon the plaintiff's right to maintain the action, and we have seen that the defendant's position as to the effect of the return could not be sustained.
The only other question which requires to be noticed is the refusal of the judge to allow the defendant to read as evidence the letter of Bagg, the deputy sheriff, written to the plaintiffs in the execution, in October, 1849. It was written after the property had come into the defendant's hands, and was in no possible view competent.
The judgment should be affirmed.