James Gorham, plaintiff in error, vs. R. G. Hood, et al., defendants in error.

[1.] A person who was a constable, was sued in trespass, for tortiously taking some negroes.   The constable justified under several *fi. fas.*   After the plaintiff had closed his evidence, the constable asked leave to amend his entries on the *fi. fas.*, by entering on them, a levy on the negroes.

*Held,* That the Court was right in granting him the leave asked for.

[2.] A constable not being *authorized* to levy on negroes, when there is a sufficiency of other personal property to be found; if he does, in that case, levy on negroes, *trespass* will lie against him.

Trespass, *vi et armis*, from Harris county. Tried before Judge WORRILL, at October Term, 1858.

This was an action of trespass, *vi et armis*, by James A. Gorham against Rabun G. Hood and James M. Gordy, for entering plaintiff's close, and seizing and carrying away four negroes, of the aggregate value of about four thousand dollars, the property of plaintiff, and detaining said negroes for two days.

There was a second count for taking possession of plaintiff's corn crib, by locking the door thereof, and taking and carrying off the key.

The proof upon the trial, was, that defendants came to plaintiff's house in his absence, and took off four negroes; his children were at home and were taken to the house of a neighbor. Defendants had levied upon and taken off, a few days before, two mules, some cattle, and a rockaway carriage and wagon belonging to plaintiff. The mules were worth each, from one hundred to a hundred and fifty dollars; cattle worth about twenty dollars a head. This latter levy plaintiff replevied by forthcoming bond, and Hood was one of the sureties on the forthcoming bond. The *fi. fas.* levied were eight in number, seven for thirty dollars each, and one for thirteen.

There was testimony as to some other matters, not deemed material to the understanding of the case.

After plaintiff closed, defendant Gordy, the constable, moved to enter upon the *fi. fa.* a levy of the negroes seized. The Court allowed the entry of levy to be made; plaintiff objecting.

The jury found for the defendants, and plaintiff moved for a new trial:

1st. Because the Court erred in allowing Gordy, the bailiff,

to make entry of a levy of the negroes on the *fi. fa.* after plaintiff had closed his case.

2d. Because the Court erred in charging the jury that plaintiff could not recover in this form of action, trespass, *vi et armis*, after the entry of the levy upon the *fi. fa.*, but must declare in case for an excessive levy.

3d. Because the verdict was contrary to law and evidence.

The Court refused the motion for a new trial, and plaintiff excepted.

RAMSAY & CARITHERS, for plaintiff in error.

D. P. HILL, represented by E. W. POU, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The constable's entry was amendable. *Hopkins vs. Burch*, 3 *Kelly* 222. If it was amendable at all, we do not see why it was not amendable as well after the plaintiff had closed his case as before. We think that there is no validity in the first ground of the motion for a new trial.

Was the charge right? That depends on, whether *trespass* was the remedy.

If the constable, in levying on the negroes, acted *without* authority, trespass was the remedy; if he acted merely *in excess* of his authority, the remedy was case. It is agreed, I believe, that this is the somewhat nice distinction. Conceding, that such a distinction exists, the question is, whether the constable acted without authority? And, we think, that he did. At the time when he seized the negroes, he had already seized two mules, some cattle, a rockaway, and a wagon; and these articles were of sufficient value, to satisfy the *fi. fas.* The Act of 1811, (*Pr. Dig.* 506,) declares, that, "No constable shall be authorized to levy on any negro, or negroes, or real estate, unless there is no other personal estate to be found, sufficient to satisfy the debt."

[2.] The constable, then, was not *authorized* to levy on these negroes.

That being so, trespass was the remedy.

This ground in the motion, we think, then, was valid, and therefore, we think, that there ought to be a new trial.

As to the remaining ground, it is one that need not be considered.

Judgment reversed.