CASE 32—MOTION—FEBRUARY 11.

## Newton vs. Prather.

**APPEAL FROM FULTON CIRCUIT COURT.**

1. The return of a sheriff that a debt was replevied, with a certain person as surety, is responsive to the writ, and is at least *prima facie* evidence against such surety, in a proceeding on a lost replevin bond, under *section 11, chapter 35, Revised Statutes.*

2. A sheriff may, with leave of court, amend his return, after the expiration of his term, with the same effect as if the amendment had been made during his term.

3. A sheriff, who levies and returns an execution whilst in office, must complete it by selling and conveying the property, even after he is out of office.

G. C. HALLET for appellant.

T. N. LINDSEY, for appellee, cited *Hard.*, 64; 4 *Bibb*, 22; 3 *Mon.*, 294; 3 *Marsh.*, 350; 4 *Dana*, 268; 2 *Dana*, 227.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

Prather moved for an execution against Newton, as surety for Man, on a lost replevin bond, as authorized by section 11, chapter 35, of the Revised Statutes. There was no evidence that Newton executed the bond except the sheriff's return upon a *fieri facias* in favor of Prather against Man. The original return was, "Replevied as per bond inclosed, November 2, 1859. THOS. E. REED, S. F. C."

In September, 1860, upon the motion of Man, leave was given for the sheriff to amend his return. He went out of office in January, 1861. In March, 1861, he amended the return by inserting, after the word "replevied," the words "with Eli Newton, surety."

The court below made an order that an execution issue against Newton, from which he appeals.

As there was no contradictory evidence concerning the execution of the bond, the only question is, whether or not the sheriff's amended return is *prima facie* evidence that it was executed by Newton.

As sheriffs are authorized to take replevin bonds, the return of a sheriff that a debt has been replevied, with a certain person as surety, is responsive to the writ; and there seems to be no room for doubt, that, if the original return in this case, made when the sheriff was in office, had stated that Newton was the surety, it would have been at least *prima facie* evidence against him.

We find no provision in the Revised Statutes for an amendment of a sheriff's return, and we doubt whether an amendment of a return upon an execution is authorized by section 161 of the Code, which relates to certain amendments of "any pleading or proceeding."

If, however, such an amendment was authorized by any previous statute, and if we are right in supposing that no provision upon the subject is contained either in the Revised Statutes or the Code, such previous statute is still in force. But we do not believe that any of the statutes of jeofails and amendments (2 *S. L.*, 865 *to* 875) authorized such an amendment as was made in this case, even by a sheriff in office. Yet, in *Malone et al. vs. Samuel* (3 *Mar.*, 350), it was held that a sheriff might, with leave, amend his return, at a subsequent term, upon a writ of *capias ad satisfaciendum*, by striking out the words "no property found," and inserting the words "the defendant not found in my bailiwick;" and Chief Justice Boyle, delivering the opinion of the court, said : "The propriety of permitting the sheriff to amend his return cannot be questioned. It is the constant practice to do so in the courts of original jurisdiction, and the practice has been frequently sanctioned by this court."

In *Armstrong, &c., vs. Easton* (1 *B. M.*, 66), the court, referring to the sheriff's return of a *fieri facias*, said: "It is also settled that he may amend his return." In neither case was any statute referred to as authority for the practice. We have no doubt that it grew up in this State independently of any statute.

Since such amendments are authorized by the common law, for the sake of convenience and to prevent injustice, why may they not be made by a sheriff after the expiration of his term as well as before ? In the case of *Armstrong, &c., vs. Easton,* above cited, the court, without deciding the question, expressed a doubt whether a sheriff, after going out of office, can amend a return made by him whilst in office, because, if he can, "that which he has done under the solemn responsibilities of his station he may add to, change, or modify at pleasure, as a private citizen, when he is acting under no such sanction." But the assumption that a sheriff, out of office, can, if allowed to amend at all, change or modify his return at pleasure, seems to be erroneous. He cannot amend his return without leave of the court, which permits him to amend, not according to his pleasure, but according to the justice of the case. The

court can require his affidavit, and even then, if doubt is entertained concerning the truth of the amendment, leave may and should be refused.

We also doubt the correctness of the assumption that a sheriff, by going out of office, throws off all official responsibility with reference to returns made by him when in office. It seems to us, that, if he makes a false return when in office, both his bond and oath require him to correct it, even after he goes out of office. He certainly continues to be liable to the party injured by such a return. If he has made it innocently, why may he not be allowed to relieve himself from liability by correcting the mistake? On the other hand, if he makes a true return, when in office, a false amendment of it, when out of office, would certainly be a violation of his oath, and, as it seems to us, a breach of his bond also.

It is the duty of a sheriff who levies and returns an execution when in office to complete it by selling and conveying the property even after he is out of office. (*Colyer vs. Higgins, et al.*, decided during this term, and cases cited.) If, in his return, he has failed to describe the property correctly, should he not be allowed to amend? Would it not be his duty to do so? Could he not be compelled to do so, by rule and attachment? If so, it is clear that he may amend without compulsion.

In *Gay vs. Caldwell* (*Hardin*, 63), a deputy sheriff was permitted to return a writ of *ad quod damnum* after his principal's term had expired. In *McBurnie vs. Overstreet* (8 *B. M.*, 302), it was held, that a return by a sheriff, when out of office, of a levy made by him when in office, is *prima facie* evidence of the facts stated in the return. And in *Jervis vs. Sidney* (3 *Dowl. and R.*, 483), a sheriff was held liable for making a false return of a *fieri facias* when out of office. As he may make a return when out of office, and is liable for making it falsely, and as it is *prima facie* evidence of the facts stated, why may he not amend a false or defective return by correcting errors or supplying omissions?

In Bacon's Abridgment (*title Sheriff, letter I*), it is said that, " if the return of the old sheriff happen to be erroneous, and

that a new sheriff be chosen, yet the court may cause the old sheriff, or his under-sheriff, clerk, or deputy, to amend the same." And in Watson on Sheriffs (*page* 71) it is said that, even after the death of the sheriff (which, of course, puts the under-sheriff out of office), the court will allow an amendment by the under-sheriff. It would be idle to allow an amendment, unless the amended return furnishes at least *prima facie* evidence against the parties concerned.

The judgment is affirmed.