THE PEOPLE OF THE STATE OF NEW YORK, Appellants, v. JAMES D. AMES, Sheriff of Niagara County, Respondent.

The return of a sheriff may be amended by leave of court, on proper terms and on due notice, after the commencement of an action for an insufficient and false return.

Such return may be read in evidence with the same effect, as if originally made in the amended form.

When the sheriff has levied on property in which the debtor had no actual interest, he is not liable to the creditor for relinquishing the levy, after a finding adverse to the latter by a sheriff's jury on due notice, and the refusal of a bond of indemnity.

APPEAL from the Supreme Court. The action was for an insufficient and false return, and for negligence in failing to collect an execution in favor of the plaintiffs against Oliver C. Wright, Abram Moore and Timothy Baker, Jr.; the complaint alleging that Wright had real and personal property in the county of Niagara, from which the executions could have been satisfied.

The cause was tried before Judge DANIELS, at the Niagara Circuit, and the following are the material facts deducible from the evidence:

The execution was delivered to the defendant on the 28th of May, 1864. The sheriff soon after levied upon the interest of Oliver C. Wright in the property in a book store, the business of which was conducted in the name of O. C. & E. C. Wright. Edwin C. Wright claimed that the property belonged to him, and that his brother, O. C. Wright, had no interest therein. The sheriff communicated that fact to Mr. Cochrane, the attorney-general, and asked a bond of indemnity. None was given; but, on the 2d of June, the attorney-general wrote, directing him to make the amount of the execution " by selling, in the usual way, the interest said Wright may have in any property, real or personal, liable to execution, including any interest in the book store kept by him;" promising the sheriff that the State would fully indemnify him in the premises.

On the 13th of June, the sheriff again advised him that he did not wish to sell this property without an indemnity; but stated his purpose to advertise a lot which Wright claimed to own. No indemnity and no further instructions being sent by the attorney-general, the sheriff notified him that he had called a sheriff's jury for the purpose of determining the ownership of the property in question, and that the jury would meet, with that view, at his office, in Lockport, on the 22d of July.

On the inquisition, the jury found that the title of the property was not in O. C. Wright. On the 28th of July, the sheriff indorsed upon the execution, the usual return that he could find, in his county, no property of O. C. Wright, real or personal, from which to make the amount of the execution; and two days afterward, the execution and return were filed in the Albany county clerk's office.

On the 28th of August, 1864, this action was brought. The sheriff, having inadvertently omitted to include, in the return, the defendants Moore and Baker, a motion was made, on notice to the attorney-general, for leave to amend the original return by making it applicable to all the defendants in the execution. The motion was opposed, on behalf of the plaintiffs, and granted by the court, on payment of the costs of the action up to that time. The terms of the order were complied with, and the return duly amended as of the original date; and these facts were alleged in the answer.

It was proved, on the trial, that O. C. Wright, who was the original proprietor of the book store, sold out to his brother, E. C. Wright, thirteen years before the execution; that he permitted the latter to use the name of O. C. & E. C. Wright in conducting the business, but that he never had any interest therein subsequent to 1851; that he was engaged in other business for several years, but, having lost his property, he returned to the store in 1855, and remained there as a clerk until 1864.

It was proved that O. C. Wright owned the lot referred to in the letter of the sheriff to the attorney-general; but it

was shown that its value did not exceed $600, and that it was subject to prior liens amounting to over $1,500.

· Upon this state of facts, the court held that the plaintiffs were entitled to only nominal damages. The plaintiffs waived their claim to nominal damages, and did not request to have any question of fact submitted to the jury. A verdict was accordingly directed for the defendant, and the counsel for the plaintiffs excepted. The decision was sustained at the General Term.

*J. H. Martindale*, Attorney-General, for the appellants.

*Gardner & Scripture*, for the respondent.

PORTER, J. The plaintiffs had a technical right of action, and were entitled to nominal damages, which they chose to waive. It was clearly in the power of the Supreme Court to permit an amendment of the return, correcting the omission as to the defendants Moore and Baker. (*Barker* v. *Binninger*, 14 N. Y., 270, 278.) The commencement of this suit was the only act of the plaintiffs on the faith of the original return; and the court, therefore, properly required the defendant to pay the costs thus far incurred, leaving it to the election of the attorney-general, to discontinue the action or to proceed in its prosecution.

The objection that the amended return was made after the return day, and subsequent to the commencement of the suit, was properly overruled. It was made by authority of the court, and in the discharge of an official duty; and its legal force, as evidence on the question of damages, was precisely the same as if it had been made and filed on the day the process was returnable.

The proof is clear that neither of the defendants had any interest in the personal property seized by the sheriff, and he was, therefore, right in relinquishing the levy. He was under no obligation to sell the real estate owned by Wright, as it was incumbered to an amount greatly exceeding its value. (*Champenois* v. *White*, 1 Wend., 92.)

There was no neglect or wrong on the part of the defendant resulting in actual injury to the plaintiffs, and the direction of a verdict in his favor was right, as nominal damages were waived.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.