## JEFFRIES v. RUDLOFF.

1. **Attachment:** RETURN: AMENDMENT: WHEN ALLOWED.   A liberal
discretion is reposed in the district court, upon due notice to parties
adversely interested, to permit returns on process to be amended for the
purpose of correcting mistakes.   And in this case *held* that the court did
not abuse its discretion in allowing the sheriff to amend his return on a
writ of attachment, though it was after judgment had been rendered in
the attachment case, and nearly fifteen months after the return was made,
and after his term of office had expired, and while an action was pend-
ing against him based on the return.   (See opinion for citation of
authorities.)

2. **Appeal:** PRACTICE: EVIDENCE TO SUPPORT FINDING. This court can-
not interfere with the ruling of the trial court allowing a sheriff to amend
his return on a writ of attachment, on the ground that the evidence did
not warrant the ruling.

3. ——: ——: ERROR MUST BE SHOWN.   This court cannot presume
error, but it must affirmatively appear; and as the error claimed to have
been made by the trial court does not affirmatively appear of record, a
reversal cannot be had on the ground thereof.

*Appeal from Ida District Court*—HON. LOT THOMAS, Judge.

FRIDAY, OCTOBER 21.

The facts are stated in the opinion.

*Rollins & Frink* and *L. A. Berry*, for appellant.

*Warren & Buchanan*, for appellee.

SEEVERS, J.—In January, 1885, the plaintiff commenced an action on a lease against the defendant, in which a landlord's attachment was issued. The attachment was placed in the hands of F. A. Eastman, who at that time was sheriff; and his deputy made return on the writ that he had attached certain property, among which was about "four hundred and fifty bushels of corn in the crib." Eastman's term of office expired in January, 1885, and in March thereafter the plaintiff obtained judgment in said action, and an order for the sale of the attached property. A special execution was issued on the judgment for the sale of such property, and the sheriff made return thereon that he had made diligent search for the property, but was unable to find it. In May, 1886, the plaintiff commenced an action against Eastman for such damages as he had sustained because Eastman had failed to "turn over and deliver to his successor in office the attached property." Eastman appeared, and obtained until the next or December term to answer, and the cause was continued. In May, 1886, Eastman filed a motion in the original action of *Jeffries v. Rudloff*, to amend the return on the writ of attachment so as to show "that the amount of corn in the crib was about two hundred, instead of four hundred and fifty, bushels, as stated in said return, and to further amend the return by stating therein the disposition that was made of the property levied upon." This motion was supported by affidavits. The court sustained the motion, and ordered that said "return be amended as prayed therein;" to which the defendant excepted.

I. It is contended by the counsel for appellant that the court erred in permitting the return to be amended, because the term of office of the sheriff had expired when the amendment was made. A liberal discretion is reposed in the court, upon due notice to parties adversely interested, to permit returns on process to be amended for the purpose of correcting mistakes; and the fact that the term of office of the sheriff had expired is not a valid objection to the exercise of this power. There is no reason why such amendment should not be permitted after as well as before the sheriff's term of office has expired. The authorities are not entirely in accord on this subject; but in Freem. Ex'ns, it is said: "But in nearly all the states a return may be amended after as well as before the sheriff has gone out of office." In support of this proposition the author cites *Adams v. Robinson*, 1 Pick., 461; *Wilson v. Ray*, T. U. P. Charlt., 109; *Johnson v. Donnell*, 15 Ill., 97; *Newton v. Prather*, 1 Duv., 100; *Keen v. Brigs*, 46 Me., 467; *Miles v Davis*, 19 Mo., 408. See, also, Murfree, Sher., § 879. These authorities support the stated proposition.

1. ATTACH-MENT: return: amendment: when allowed.

II. It is insisted that the court had no discretion in the premises, and should not have permitted the amendment to be made, because an action was pending against the sheriff based on the return. But this is not a valid objection. In Freem. Ex'ns, § 359, it is said that such is the rule in some states, but that "in the vast majority of states the rule is otherwise; and the pendency of a motion or action, instead of subverting the power of amendment, is the most frequent occasion in which the power is invoked." As supporting the text the author cites *Hodges v. Laird*, 10 Ala., 678; *Niolin v. Hamner*, 22 Ala., 578; *Gorham v. Hood*, 27 Ga., 299; *Trotter v. Parker*, 38 Miss., 473; *People v. Ames*, 35 N. Y., 482; *Thomas v. Browder*, 33 Tex., 783; *Wardsworth v. Miller*, 4 Grat., 99. These cases have all been examined, and they fully support the rule stated.

III. It is urged that a return of a sheriff cannot be amended

by leave of the court after judgment in the action, because of the length of time that had elapsed.    The return was made on the 9th day of March, 1885, and the motion for leave to amend it was made in May, 1886.    The fact that judgment was rendered is immaterial as between the sheriff and the parties.    Ordinarily the sheriff cannot be subjected to liability for a false return, or on the return if it is in accordance with the facts, until final judgment has been rendered in the action.    The time within which a return can be amended cannot be limited.    In the exercise of the discretion reposed in the courts, it is obvious they must be governed by the circumstances of each particular case. The length of time which had elapsed in this case was less that 15 months. Such amendments have been allowed after the lapse of a much longer period.    See the cases cited in the note to section 351 of Freem. Ex'ns.    We do not think the court abused the discretion with which it is invested in any particular.    The return as amended relates back to the time when the original return was made. If, as it now stands, the return is false, the plaintiff can maintain an action against the sheriff on this

2. APPEAL: practice: evidence to support finding.

ground. It is said that the evidence was not sufficient to justify the action of the court; but we cannot interfere with the finding for this reason. Besides this, the abstract does not contain all the evidence introduced in the district court.

IV. It seems to be assumed by counsel that the sheriff asked and obtained leave to amend his return, so as to show

3. ———:———: error must be shown.

that he had surrendered the corn to the execution defendant, on the ground that it was exempt; and counsel contend that it was not exempt because of a provision in the lease to the effect that all exemptions were waived.    It will be observed that leave was asked to amend the return, so as to show the disposition made of the corn, and the motion was sustained; but the record fails to show what amendment was in fact made.   It is apparent, therefore, that the question presented is not before us.   We

cannot presume error, but it must affirmatively appear Besides this, we think the proper time to present such question will be in an action for a false return, if the property was sur rendered as exempt when it was not. 　　　AFFIRMED.