SOMERVILLE P. TUCK, Respondent, v. JEROME F. MANNING, Defendant.

WILLIAM W. WILSHIRE, Jr., as Ancillary Administrator of WILLIAM W. WILSHIRE, Deceased, Appellant, v. JEROME F. MANNING, Defendant.

HENRY AMY, Appellant, v. JEROME F. MANNING, Defendant.

*Attachment — sheriff's return — when unauthorized — power of the court to relieve one injured thereby.*

A sheriff is not required to return an attachment except where it is vacated or annulled.

His return that it has been "merged in a judgment and execution," obtained subsequently in the same action, is an unauthorized act and of no effect.

The sheriff cannot by such a return, and by the return of an execution unsatisfied at a time when, in fact, the execution debtor has property, deprive a creditor of a lien which he would otherwise have had, nor can he thus postpone the rights of such a creditor to those of subsequent attaching creditors.

The court has both inherent and statutory power to restore the creditor, aggrieved by such action on the part of the sheriff, to his former situation by canceling such returns to the attachment and execution, and directing the sheriff to apply the moneys received by him to the attachments in his hands in the order of their original priority.

APPEALS by William W. Wilshire, Jr., ancillary administrator of William W. Wilshire, deceased, plaintiff in the second-above entitled action, and by Henry Amy, plaintiff in the third-above entitled action, from an order, entered in the office of the clerk of the city and county of New York on the 19th day of January, 1891, confirming a former order made herein, and, among other things, ordering the sheriff of the city and county of New York to apply the sum of $2,178.15, less his fees, upon an execution in favor of the plaintiff Somerville P. Tuck in the first-above entitled action.

*Edward Bartlett,* for the appellant Wilshire, Jr., as ancillary executor, etc.

*Theodore F. H. Meyer,* for the appellant Amy.

*Grosvenor S. Hubbard,* for the respondent Tuck.

*W. Bourke Cochran,* for Grant, late sheriff.

O'Brien, J. :

This appeal grows out of certain attachments issued to Mr. Grant, as sheriff, in the year 1889, against the property of one Manning. Each of the plaintiffs in the above-entitled action issued attachments, and each subsequently issued one or more executions, some against attached property and others not against attached property.

The sheriff, under the attachments, levied on a claim supposed to be due Manning from Lawrence, Giles & Co. of this city. This firm denied the indebtedness to Manning, and the sheriff returned one of the attachments and the execution in the case of Tuck unsatisfied, so far as this claim is concerned. Tuck commenced on January 14, 1887, an action against Manning, and procured a warrant of attachment, which was delivered to the sheriff, and which, on January 15, 1887, was served on Lawrence, Giles & Co., and a levy made with the usual notice. The latter firm gave a certificate that they had no property belonging to Manning.

Tuck recovered judgment, issued execution and collected a part of the judgment, and there is now due him two thousand two hundred and eighty-two dollars and eighty-five cents ($2,282.85). On September 10, 1888, the sheriff returned and filed the execution with the clerk of the city and county of New York, indorsed with the amount collected, and that there was no property of the defendants in the county out of which he could cause to be made a levy for the residue, and at the same time returned and filed with the clerk the warrant of attachment, indorsed " Merged in judgment and execution issued July 10, 1888."

Wilshire and Amy, the plaintiffs in the action above entitled Nos. 2 and 3, commenced actions against Manning and procured attachments, which were delivered to the sheriff, and by him served, and a levy made on Lawrence, Giles & Co., who in each case made the same return as in the Tuck action. These plaintiffs recovered a judgment, issued execution and collected nothing. On August 8, 1890, in an action in this court, brought by Lawrence, Giles & Co. against Tuck, Wilshire and Amy and Manning and the sheriff, it was adjudged that at the time of the service of a levy under these three warrants of attachment on Lawrence, Giles & Co., they were indebted to the defendant Manning, and they were ordered to and did pay to Grant, as sheriff, the sum of two thousand one hundred

and seventy-eight dollars and fifteen cents ($2,178.15), the amount of the debt, less certain costs and expenses.

On October.15, 1890, an *ex parte* order was made in the action of *Tuck* v. *Manning*, that the sheriff take from the files of the county clerk the attachment and execution in said action, cancel the returns on them, and proceed thereon according to law. The sheriff, on notice to Tuck, Wilshire and Amy, moved to vacate this order, and upon such motion the order from which this appeal is taken was made. Upon this state of facts, which were agreed upon, it is insisted by Amy and Wilshire that the court had no power to make the order appealed from, for the reason, among others, that at the time the money determined to be due Manning reached the hands of the sheriff, he was destitute of process under which he could apply on Tuck's judgment the money thus received; the Tuck attachment having been returned; the Tuck second execution having been likewise returned, and his third execution in the hands of the wrong officer. It is further claimed that at the time the *ex parte* order of October 15, 1890, was made the judgment had been obtained by Tuck, on which one valid execution had been issued, and returned partly unsatisfied, from which appellants insist that the provisional remedy — that attachment, was thereby extinguished, and that it had no force or .validity whatever either at the time that the *ex parte* order was made or when the order now appealed from was made. This contention is predicated on the presumption that the attachment was then a dead process, and, like any other.process, when once dead was gone forever. If the appellants were right in their views, either that the attachment was merged in the judgment or that the sheriff properly returned with the indorsement thereon the attachments and executions in the Tuck actions, then there would be much force in their positions. ·

We are of opinion, however, that the authorities, and a reading of the sections of the Code relating to the subject of attachments and executions, will not sustain the proposition that the return of the attachment was merged in, discharged, superseded, or in any way affected by the judgment; nor have we been referred to any provision of the Code which required the sheriff to return the attachments at all, excepting only where an attachment has been vacated or annulled. (Sec. 712.) Under the former Code (§ 242)

it was provided that when the return shall be fully executed and discharged the sheriff shall return same; but the present Code, by section 712 referred to, provides that where a warrant of attachment has been vacated or annulled the sheriff must forthwith file in the clerk's office the return, with the indorsement of his proceeding thereon. In the Tuck action the attachment was neither vacated nor annulled, and, therefore, the return by the sheriff of the warrant of attachment to the county clerk, and the indorsement thereon, were unauthorized by law.

The sole question remaining, then, is, whether, in a case of this kind, where, through inadvertance, mistake or error, the sheriff makes an unauthorized return, the rights of the attaching creditor are to be impaired or defeated and the court be remediless to correct the error. It seems to us that, irrespective of any of the provisions of the Code of Civil Procedure, that this court, in regard to amendments, has the inherent power at any time to make any necessary order to correct the pleadings or proceeding in an action when the same is in furtherance of justice. In *Christal* v. *Kelly* (88 N. Y., 285–290) it was held that "the power to amend process and pleadings is inherent in the court as a part of its ordinary jurisdiction," and a reference to the cases will show that such power has been exercised. (*People* v. *Ames*, 35 N. Y., 482; *Barker* v. *Binninger*, 14 id., 270–278; *Burnham* v. *Brennan*, 42 Supr. Ct. R., 49, 76.) Apart, however, from this, sections 721 to 725 of the Code of Civil Procedure, and particularly section 725, expressly confer such power upon the court.

The appellants call our attention to the case of *Pach* v. *Orr* (112 N. Y., 670) wherein the Court of Appeals modified an order appealed from by striking out the words "and the lien of said attachment is restored." That was a case in which the attachment was granted and subsequently vacated *ex parte*, and between that time and the time when the order restoring the attachment was granted certain confessions of judgment had been made, and executions levied upon the same property upon which the sheriff had levied under the attachment, prior to its being vacated. It is insisted that this is authority, although no opinion was delivered by the court, for the position that no other relief could be granted to the plaintiff in the attachment suit than would be afforded by setting

aside the order vacating the attachment. If, however, the appellant had pursued his investigation farther he would have seen that in the case of *Pach* v. *Gilbert* (124 N. Y., 612), where the question of priority under that very attachment in the former appeal was in question, that it was determined in favor of the attaching creditors, and is a support for the position that the levy of the warrant of attachment on the debt of Lawrence, Giles & Company in the Tuck suit was not affected by the subsequent act of the sheriff.

We are of opinion, therefore, that the court had the power to make the order appealed from, and such power being discretionary we do not understand that it is claimed that the exercise of such discretion, upon the fact here presented, was improper. If necessary, however, to decide that point, we think that the court having the power to make the order, its discretion was wisely exercised. The sheriff received the three attachments, that of Tuck on January 14, 1887, that of Wilshire on February 12, 1887, and that of Amy on May 8, 1888. The return of the sheriff having been unauthorized, the court was then asked, in effect, to reinstate the original attachment and execution of Mr. Tuck, so that he would occupy the position that he would have been in had the attachment and execution remained in the sheriff's hands continuously up to the time of the making of the application to the court. In the meantime neither Wilshire nor Amy did any act or acquired any rights predicated on the irregularity of the sheriff, nor were the rights of any other person intervening affected by the order appealed from.

We are of opinion, therefore, that the order should be affirmed, with costs.

VAN BRUNT, P. J., and LAWRENCE, J., concurred.

Order affirmed, with costs.