In the Matter of the Probate of the Last Will and Testament of ELIZABETH CASHMAN, Deceased. HELEN ENRIGHT WEINER, Appellant; HENRY G. PARRY, FRANCIS J. MAHONEY, as Executors, etc., of ELIZABETH CASHMAN, Deceased, and JOHN B. CONROY, Respondents.— On appeal by an objectant from a decree of the Surrogate's Court of Orange county granting probate of a writing as the last will and testament of a decedent, following a directed verdict for the proponents at a trial of objections, and from an order denying motion for a new trial, decree and order affirmed, with costs, payable out of the estate, to all parties filing briefs. No opinion. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Carswell, J., dissents and votes for reversal and a new trial.

In the Matter of the Application of HENRY V. CLARK, as Sheriff of Orange County, to Vacate the Return of a Certain Execution to the Office of the County Clerk of Orange County Satisfying a Judgment Recovered by PENNSYLVANIA-DIXIE CEMENT CORPORATION against JOHN L. DUGAN, INCORPORATED, JOHN L. DUGAN and JOHN L. SLOAN. HENRY V. CLARK, as Sheriff of Orange County, Respondent; PENNSYLVANIA-DIXIE CEMENT CORPORATION, Appellant.— Order amending sheriff's return erroneously returned as satisfied, to show that it was satisfied only to the extent of $81.13 to conform to the facts, and directing the county clerk to make correction of the record, affirmed, with ten dollars costs and disbursements. The power of the court to correct and amend a return made by mistake or error is implicit where such discretion is exercised in the furtherance of justice. (Williams v. Rogers, 5 Johns. 163; Barker v. Binninger, 14 N. Y. 270; James v. Gurley, 48 id. 163; 23 C. J. 798 et seq. and cases cited; 14 Halsbury, Laws of England, § 14 [59], pp. 26–27.) It does not appear from this record that such amendment works an injustice on any other party interested. The procedure adopted was sufficient to give notice to interested parties. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

In the Matter of the Application of LOUISE PERRY COAKLEY and BANK OF NEW YORK AND TRUST COMPANY, as Executors of and Trustees, etc., of CORNELIUS G. COAKLEY, Deceased, for a Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in Said Last Will and Testament. HENRY LEFURGY COAKLEY, CHARLES K. COAKLEY and WILLIAM R. COAKLEY, Appellants; PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK and NEW YORK UNIVERSITY & BELLEVUE HOSPITAL MEDICAL COLLEGE, and LOUISE PERRY COAKLEY and BANK OF NEW YORK AND TRUST COMPANY, as Executors of and Trustees, etc., of CORNELIUS G. COAKLEY, Deceased, Respondents.— On appeal from a resettled decree construing a will, resettled decree of the Surrogate's Court of Suffolk county unanimously affirmed, with costs, payable out of the estate, to all respondents appearing and filing briefs. Order denying leave to file further objections by the appellants unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Close, JJ.