■ ARNOLD FIRESTONE et al., Appellants, v JUDITH ALBIN, Respondent. [658 NYS2d 700] —In an action to recover legal fees, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 28, 1996, which, upon the defendant's motion, inter alia, to stay the Sheriff of Nassau County from selling certain real property owned by her pursuant to an execution issued by the attorney for the plaintiffs, and to direct the Sheriff to make a return of that execution as satisfied, found that the judgment had been satisfied and thereupon permanently enjoined the Sheriff "from proceeding further against the defendant in this matter".

Ordered that the order is reversed, with costs, the motion is denied, and the County Clerk of Nassau County is directed to expunge any satisfaction of the plaintiffs' judgment in this action from the docket and to remit the execution containing a return made pursuant to the order appealed from to the Sheriff of Nassau County for further proceedings in accordance herewith.

On August 20, 1981, the plaintiffs recovered a default judg-

ment against the defendant in the sum of $20,328.88 for legal services rendered. Thereafter, the defendant's motion to vacate her default was granted and the matter was litigated on the merits. During this period the court directed that the judgment would not be vacated but would stand as security pending final determination of the action. On January 4, 1991, the plaintiffs prevailed on the merits and thereafter were entitled to enforce the 1981 judgment.

On February 9, 1995, after prior unsuccessful attempts to enforce the judgment, the plaintiffs' attorney issued an execution for the principal sum of $20,328.88, with interest from August 20, 1981. On or about July 3, 1995, the Sheriff served upon the defendant a notice of Sheriff's sale which stated that unless the defendant tendered the sum of $28,820.51 within 10 days, certain real property owned by her would be advertised for sale. The amount set forth in this notice as due on the judgment was incorrect, in that it requested less than was actually due based on an erroneous calculation of accrued interest. Before the expiration of the 10-day period, the defendant's attorney appeared at the Sheriff's office and, after being advised that there was even less due than demanded in the notice, tendered checks and cash in that lesser amount to a deputy sheriff. Most of the checks were marked "Full Settlement of Firestone Judgment", or with words of like import. The deputy sheriff made an endorsement upon the execution stating, "The within execution is hereby returned satisfied subject to collection July 13, 1995", and provided a photocopy of the execution to the defendant's attorney.

Upon receipt of the Sheriff's check for $27,314.28, the plaintiffs' attorney rejected it and by letter informed the Sheriff that the Sheriff had failed to calculate the correct amount due. The plaintiffs' attorney requested that the sheriff demand the balance due from the defendant and, if she failed to pay, to proceed with the execution sale.

On August 28, 1995, the sheriff issued a new notice of sale of the defendant's property, stating that unless he received the sum of $18,296.48 within 10 days, the sale would be advertised. Annexed to the notice was a copy of the original February 9, 1995, execution without the endorsement previously made on July 13, 1995.

The defendant refused to pay the additional sum and instead moved, *inter alia,* to stay the rescheduled sale, to compel the Sheriff to make a return of the execution to the county clerk marked fully satisfied, and to direct the Sheriff to refund the moneys paid by the defendant to her. Essentially it was the

defendant's position that, due to the deputy sheriff's carelessness in endorsing the execution as satisfied, it was the Sheriff, not the defendant, that was now liable to the plaintiffs for any amount still owed. The Supreme Court granted the defendant's motion to the extent of vacating the notice of sale, permanently enjoining the Sheriff from further proceeding against the defendant in this matter, and directing that the execution be returned as unconditionally satisfied. We now reverse.

It is clear from the record that the Sheriff made a clerical error in computing the amount due on the plaintiffs' judgment against the defendant, who then tendered less than the amount actually due in "full satisfaction" of the judgment. The Sheriff's deputy accepted the lesser tender and erroneously endorsed a copy of the execution as satisfied. The error was discovered before the Sheriff actually made a return on the execution to the county clerk as required by CPLR 5021 (b). Such an error is subject to correction.

It has long been the rule that courts have the implicit, discretionary power to amend the return of an execution made by mistake or error where their discretion is exercised in the furtherance of justice (Clark v Dugan, 250 App Div 871; Williams v Rogers, 5 Johns 163; Barker v Binninger, 14 NY 270; James v Gurley, 48 NY 163; 30 Am Jur 2d, Executions and Enforcements of Judgments, §§ 317, 319; 33 CJS, Executions, § 322). Thus, an erroneous return by the Sheriff to the county clerk may be corrected by the court upon application of the Sheriff or other interested party.

Where, as here, the error is discovered before a return is made to the county clerk, the Sheriff has the power, without leave of the court, to amend an erroneous endorsement on an execution and to sell a debtor's property at auction unless the debt due is paid. In the case of Welsh v Joy (30 Mass 477, 482) it was held that "[u]ntil the execution is actually deposited in the clerk's office, the return does not become a matter of record; and until then the officer needs not the authority of the court to make or amend his return; till then it seems to be under his own control and in his own power". Similarly, in Dixon v White Sewing-Mach. Co. (128 Pa 397, 18 A 502, 503) the court stated that "until the writ [is] actually returned into the court office * * * the right of the sheriff to alter his [or her] indorsement * * * is beyond question. It is the final act of filing that fixes [the] official return". The law of New York is to the same effect (see, Spoor v Holland & Harlow, 8 Wend 445).

Accordingly, the Supreme Court erred in enjoining enforcement of the judgment and in directing the Sheriff to make a

return of the execution as fully satisfied. The order appealed from is therefore reversed, the defendant's motion is denied in all respects, and the county clerk is directed to expunge any satisfaction of the plaintiffs' judgment on the docket based upon a return made pursuant to the order appealed from and to remit the execution to the Sheriff of Nassau County for further proceedings to enforce the judgment. Ritter, J. P., Joy, Goldstein and Florio, JJ., concur.