## LYON v. COMSTOCK.

1. SERVICE OF NOTICE BY PUBLICATION. Under section 1, chapter 240, Laws of the Sixth General Assembly (1857), service of original notice may be made by publication, when it is shown that the defendant, being a resident of the State, has departed therefrom with intent to defraud his creditors; or that he keeps himself concealed therein with like intent. It is not necessary to show that he is a non-resident having property in the State,

2. SAME. Where the order of the judge directing service by publication was defective in this, that it did not direct that a copy of the petition should be mailed with a copy of the notice to defendant's place of residence; *Held*, that the mailing of a copy of the petition by the plaintiff cured the defect.

3. "FORTHWITH." *The mailing of the copies of the petition and notice, as directed by the order, on the *second day* after it was made, held to

be a substantial compliance with the requirement to mail "forthwith." Proceedings will not be held nugatory because of delay in mailing, unless such delay be unreasonable.

### *Appeal from Polk District Court.*

### TUESDAY, OCTOBER 18.

The material facts appear from the opinion of the court.

*Jeff. S. Polk,* for the appellant.

*S. V. White,* for the appellee.

STOCKTON, J.—Suit on a promissory note made by defendant to plaintiff.   The original notice, returnable to the February term, 1858, was placed in the sheriff's hands January 26, 1859, and was returned by him "not found."   On the 2d day of February, 1859, on affidavit made by plaintiff, that "the defendant could not be found in the State of Iowa, and that a cause of action existed against him;" and upon further affidavit, that "the present residence of said Comstock, was Dayton, Ohio, and being a resident of this State, he had departed therefrom with intent to avoid service of process, or that he keeps himself concealed therein with like intent," the District Judge of the Fifth Judicial District of Iowa granted an order in writing "that service on said Comstock in this cause be made by publication in the *Iowa Weekly Citizen,* as required by law, for four weeks; and that a copy of the original notice be forthwith deposited in the post office, directed to E. M. Comstock, Dayton, Ohio."   The original notice was published for four weeks, in the *Citizen,* as directed, commencing on the 2d February, 1859; and it appeared by affidavit that a copy of the original notice and petitions were mailed in the post office, at Des Moines, on the 4th of February, 1859, directed to said Comstock, at Dayton, Ohio. At the March term, 1859, the cause coming on for hearing, and the defendant failing to appear, judgment by default was rendered in favor of plaintiff for the amount found due on the note.

I. The order that service of process on the defendant may be made by publication, in the mode prescribed by the statute, may be granted, where the defendant, being a resident of the State, has departed therefrom with intent to defraud his creditors, or keeps himself concealed therein with like intent. Acts 1857, chapter 240, section 1, page 400. It is not requisite that the defendant should be shown to be a non-resident, having property in the State.

II. It is further objected to the order of the judge, that it does not direct, as the statute requires, that a copy of the petition, as well as the notice, be forthwith deposited in the post office, directed to defendant at his place of residence. In this particular it is conceded that the order of the judge does not comply with the statute, but it is claimed that the defect is supplied by the affidavit filed, which shows that a copy of the *petition* and notice were directed to defendant through the post office at his place of residence.

In this view we are disposed to concur. If the defect in the order of the judge had been followed by a failure on the part of the plaintiff to send by mail to defendant, a copy of the petition, the omission would have been fatal, and the service incomplete. But as the defendant has been informed, in the manner contemplated by the statute, of the pendency of the action against him, he has suffered no prejudice by the defect in the order of the judge.

III. It is in the next place objected to the proceedings that the law and the order of the judge required that the copy of the petition and notice should be *forthwith* deposited in the post office, directed to the defendant; and that the showing is, that while the order was made on the 2d February, the copies were not mailed until the 4th February. We cannot say that this was not a substantial compliance with the order of the judge, and with the law. If the copies had been deposited in the post office on the 2d, the day that the order was made, in the ordinary course of events, it would not have taken its departure till the next day, even in case there had been a daily mail. Whether there was a daily

mail or not, is not shown, and unless there was, or unless it is shown that the mail left on the 3d February, there could have been little or no delay in forwarding the notice; at any rate there was not such dilatoriness as to oust a jurisdiction otherwise rightly obtained. This is giving the language of the act a strict construction, which we think is hardly required. Some liberality is to be exercised. We would not place too strict an interpretation on the word "forthwith," and unless there has been unreasonable delay in mailing the notice, there is no good ground for holding the proceedings nugatory.

Judgment affirmed.