Davis v. Simma.

## DAVIS v. SIMMA.

1. EVIDENCE: CROSS-EXAMINATION. Where, on the trial of an action of trespass, a witness introduced by the plaintiff was interrogated as to the possession of the property in controversy, for the purpose of showing *prima facie* ownership, it was held proper to interrogate the witness on cross-examination as to the ownership, but that the refusal of the court below to allow such cross-examination, was not sufficient cause for a reversal of the judgment, the record showing that the court offered to permit a recall of the witness, by the defendant, for the purpose of showing that fact.

2. PRACTICE: ENTRY OF JUDGMENT "FORTHWITH." Where a verdict was returned in a Justices' Court at 10½ o'clock P. M., and judgment was not rendered thereon until 11 o'clock A. M. of the day following, it was held that the judgment should not be, for that reason, reversed.

*Appeal from Marshall District Court.*

WEDNESDAY, DECEMBER 3.

FOR the material facts see the opinion of the court.

*Henderson & Boardman* for appellant, relied upon *Guthrie* v. *Humphrey*, 7 Iowa, 23.

*T. Brown* for appellee.

WRIGHT, J. — Plaintiff sued before a justice, claiming damages for the wrongful taking of his property, to wit: one steer, from his possession. The answer controverted all the allegations of the petition.

On the trial, a witness was introduced by plaintiff, who stated that his premises adjoined those of plaintiff, that the steer in question was taken from his premises by defendant. Plaintiff then asked if his cattle were on the lands of witness, averring that he wished to show possession and *prima facie* ownership. To this witness answered that plaintiff's as well as the cattle of other persons were on his lands. On cross-examination, witness said he had frequently seen other cattle in his field. Defendant then asked witness if he knew who owned the steer so taken from his premises and identified by him. This was objected to as not being proper cross-examination. The objection was sustained, and defendant having prosecuted his writ of error to the District Court, this ruling was there affirmed.

No good reason occurs to us why this inquiry was not proper. And yet we cannot say that the cause should therefore be reversed. The justice held that the witness could be recalled by defendant, or the same fact might be proved

by other witnesses. In the exercise of a sound discretion we think he might direct this course, and that defendant would have no right to complain. It is not in principle different from the case where the court, under particular circumstances, permits leading questions to be put to one's own witness—or where this is prohibited to an adversary's witness, who shows a strong interest in favor of the cross-examining party. In the same manner it is assimilated to the inquiry whether, if a party is once entitled to a cross-examination this right continues through all the subsequent stages of the cause, though the witness should be recalled by the opposite party. In such cases Mr. Greenleaf says that the general course of the examination is subject to the discretion of the judge, and that it is not easy to establish a rule which shall do more than guide, without imperatively controlling, that discretion. (1 Greenleaf Ev., 447.)

II. The verdict of the jury was returned to the justice on the 24th of January, 1862, at 10½ o'clock P. M. The judgment was not entered upon the docket until the next day, at 11 o'clock A. M. Defendant was present by attorney and protested that the justice had no power to then enter the judgment. He now assigns the action of the District Court, affirming this judgment, as error, relying upon § 3895 of the Revision of 1860, which provides that the judgment on the verdict of the jury shall be entered upon the docket forthwith. The justice returns that he was engaged and could not sooner attend at his office.

To do a thing forthwith is to act immediately, without delay, directly. But it is always proper to look at the connection in arriving at the meaning of a word. In this case the Legislature has directed that the justice shall, without delay, or immediately, enter the verdict and judgment, because there is no occasion for deliberation on his part, whereas in most cases he is given three days after a cause is submitted to him for final action. But it is not intended

that he should, at the very moment of receiving the verdict, enter the judgment. As was said in construing the same word in another statute, in *Lyon* v. *Comstock*, 9 Iowa, 306, "this is giving the language of the act a strict construction, which we think is hardly required. Some liberality is to be exercised." The justice is not allowed three days, nor is he required to work at unreasonable hours. The case of *Guthrie* v. *Humphry*, 7 Iowa, 23, does not conflict in the least with this view.

Affirmed.