Rock & Son v. Singmaster, Garnishee.

ROCK & SON v. SINGMASTER, GARNISHEE.

1. **Attachment:** GARNISHMENT: SERVICE OF WRIT: HOW PROVED. The return of a writ of attachment is the statutory evidence of what the officer did under it; as, for example, that he attached a certain person as garnishee. And where no return was endorsed on the writ, the garnishee was properly discharged, upon the ground that there was no legal evidence before the court that he had been garnished. The notice of garnishment properly served, and with a return of service indorsed thereon, did not furnish the proper evidence.

*Appeal from Keokuk Circuit Court.*

THURSDAY, DECEMBER 13.

THE plaintiffs are creditors of one Cable. As such they brought this action in attachment against him before a justice of the peace, and caused a notice of garnishment to be served upon Singmaster as garnishee. The justice rendered judgment against both the principal defendant and the garnishee. An appeal was taken to the circuit court, and judgment was rendered against the principal defendant, but the garnishee was discharged. The plaintiffs appeal.

*Sampson & Brown,* for appellants.

*G. D. Woodin* and *I. Farley,* for appellee.

ADAMS, J.—The court discharged Singmaster upon the ground that it had no proper evidence before it that he was

garnished.  No return was made upon the writ.  The ques-
tions certified are as follows:

"*First*—Is a written return endorsed upon or attached to
a writ of attachment and signed by the officer the only com-
petent evidence that can be produced of its service, when the
writ itself is in evidence; or may the officer who served it,
and failed to make his return, be permitted to testify what
he did under and by virtue of the writ?

"*Second*—Where a writ of attachment, notice of garnish-
ment, and notice to the attachment defendant that the person
named in the garnishee notice has been garnished, were reg-
ularly issued and placed in the hands of the same constable
at the same time, and the notice to the garnishee, and also
the notice to the attachment defendant of the garnishment,
were returned with a written return endorsed thereon, signed
by the constable, showing that the notices were properly
served, but no return was endorsed on or attached to the writ
of attachment, will such facts prove a garnishment, or raise
a presumption that the person named in the garnishee notice
was attached as garnishee in the case?"

The return of a writ of attachment is the report of the
officer of what he did under it.  It is provided for by statute.
Code, § 3010.  When made, it becomes the statutory evi-
dence of what it purports to show.  It must be endorsed
upon the writ, or made upon a paper annexed thereto.  Code,
section above cited.  The writ and return constitute essen-
tially one record, and must go together.  *Dickson v. Pep-
pers*, 7 Ired., 429; *McCrory v. Chaffin*, 1 Swan, 307;
*Union Bank v. Barnes*, 10 Humph., 244.  Filing the writ
with no endorsement of the proceedings is no return, but a
return may be made by leave of court, upon payment of
costs.  *Hall v. Ayer*, 19 How. Pr., 91; *Nelson v. Brown*,
23 Mo., 13.  If the officer fail to make a return, the court
may doubtless direct him to do so.  If he refuse, or make a
false return, he becomes liable to the party injured.  Under
the statute and adjudications, it appears clear to us that with-

out a return an essential record is wanting, and that the court has before it no proper evidence upon which it can base any proceedings against specific property or credits. The alleged garnishee, we think, was properly discharged.

AFFIRMED.