CATHERINE GATES, Appellant, v. F. N. KNOSBY, *et al.*

**Justices:** DISAGREEMENT OF JURY: *Jurisdiction after.* Under Code,
1873, section 3548, providing that a justice may discharge a jury
when satisfied that they cannot agree, and shall "immediately"

issue a new precept for another, to appear at a time therein fixed, not more than three days distant unless the parties otherwise agree, the new precept must be issued without delay, so that the parties at that time may take notice of it; and where a justice delayed for two days to issue it and then issued it without notice to the defendant and without his knowledge entered judgment against him on a retrial, he lost jurisdiction to try the case without further notice, and the judgment was properly reversed by the district court.

**Writ of E ror:** REMAND. Under Code, 1873, section 3603, providing that in proceedings on a writ of error from a justice's judgment the district court may render final judgment or remand the cause, it was proper to remand a cause where the judgment was vitiated by failure to issue a new precept for a jury "immediately" on disagreement and discharge of the former jury, since the justice's omission did not operate as a dismissal.

*Appeal from Dickinson District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, JANUARY 21, 1899.

PROCEEDINGS by writ of error to a justice's court. Upon the hearing by the district court, the action of the justice's court complained of was reversed, and the cause was remanded for further proceedings. All parties appeal, the appeal of the plaintiff having been first taken.—*Affirmed.*

*L. E. Francis* and *W. S. King* for plaintiff.

*St. Clair & Reigard* for defendants.

ROBINSON, C. J.—This cause is submitted to us on a certificate of the trial judge which shows the following facts: Action was commenced by the plaintiff against the defendants in the court of William Hayward, justice. When the time for trial arrived, Hayward was sick, and called in R. A. Smith, another justice of the same township. The parties appeared, a jury was empaneled, and the cause was submitted, but the jury failed to agree, and, in the absence of the parties and their attorneys, and without their knowledge, was discharged by the justice, Smith, and, believing his con-

nection with the case was ended, he did not issue a new pre-
cept for another jury, and did not set the time for a
second trial.   Twenty-nine hours after the jury dis-
agreed, the plaintiff demanded of Smith that he issue
a new precept.   Smith requested Hayward to issue it, but
the latter was unable to do so, and, by agreement between
the justices, Smith, at the end of two days and one hour
from the time the jury disagreed, issued a new precept, mak-
ing it returnable two hours later.   The plaintiff appeared
at the hour fixed for the trial, but the defendants did not
appear.   Evidence was introduced by the plaintiff, a verdict
was returned in her favor, and judgment thereon was
rendered.   The proceedings in error were for the purpose of
reviewing that judgment.   The district court reversed the
judgment, and remanded the cause, with directions to the
justice to entertain jurisdiction of the case and proceed to
retry it, after notice to the parties and their attorneys.   The
plaintiff complains of so much of the judgment as reversed
that of the justice, and the defendants complain of so much
of it as remanded the cause to the justice for further pro-
ceedings.                                                    .                    .: !

I.   The facts certified do not show that the defendants
had any knowledge of the second trial, and one of the ques-
tions certified indicates that notice thereof was not given to
them.   The first question submitted to us is stated as fol-
lows:   "Under the foregoing statement of facts, did the jus-
tice of the peace, by not issuing a venire for another jury at
the time that the first jury was discharged, and by waiting
two full days before issuing such venire, lose jurisdiction to
try the case, or could he thereafter proceed and try the case,
and determine the issues between the parties, and render a
valid judgment against the defendants upon the verdict of
the jury returned in the second trial of the case?"   Section
3549 of the Code of 1873, which was applicable to this case,
is as follows:   "The justice may discharge the jury, when
satisfied that they cannot agree, and shall immediately issue
a new precept for summoning another, to appear at a time

therein fixed, not more than three days distant, unless the parties otherwise agree." We are required to determine the meaning and force of the word "immediately," as used in that section. When applied to time, the word strictly defined means without interval of time; at once; instantly (Webster's International Dictionary). But as applied to legal proceedings it does not necessarily exclude all interval of time, and in many cases it has been held to mean within such time as is reasonably sufficient in which to accomplish the act to which it is applied. *Gaddis v. Howell,* 31 N. J. Law, 313; 9 Am. & Eng. Enc. Law, 931, note 2. The legal signification of the word is much the same as that of "forthwith." *Davis v. Simma,* 14 Iowa, 154; 8 Am. & Eng. Enc. Law, 571; Black Law Dictionary, 592. Section 3552 of the Code of 1873 related to actions in justice's courts, and provided that "in cases of dismissal, confession, or on the verdict of a jury, the judgment shall be rendered and entered upon the docket forthwith." This court has held that the provision must be construed reasonably; that a judgment upon a verdict returned at 9 o'clock at night may be properly entered the next morning (*Knox v. Nicoli,* 97 Iowa, 687); that when the verdict is returned at 10:30 o'clock at night judgment thereon may properly be rendered at 11 o'clock of the next day (*Davis v. Simma,* 14 Iowa, 154); and that "forthwith," as used in that statute, means within a reasonable time (*Burchett v. Casady,* 18 Iowa, 342). See, also, *Lyon v. Comstock,* 9 Iowa, 306. But in order to ascertain the true meaning of the word in question we must consider not only its permissible use, but the conditions to which it is made applicable by the statute. Trials in justice's court are less formal and more speedy, as a rule, than are trials in courts of record. The statute does not provide for notice to parties of the issuing of a new precept, and of the time fixed for a new trial, but seems to contemplate their presence in court when the action is taken. It is entirely reasonable to require the parties to take notice of what is done at the time the jury is discharged, but it is not reasonable to

require them to be in constant attendance upon the justice
for an indefinite period of time, until he shall take the action
required by the statute. The phrase "not more than three
days distant," contained in the statute, refers to the time when
the new precept is issued, and if that be not when the jury is
discharged the time for issuing the precept may be as variable
as are the various meanings and applications of the word
"immediately." We do not think that this was the legislative
intent, and conclude that by delay in issuing the second venire,
in this case, no agreement by the parties having been made,
the justice lost jurisdiction to try the case without further
notice, and the district court properly held that the judgment
rendered was erroneous.

II. We are next required to determine whether the dis-
trict court erred in remanding the cause for further
proceedings. Section 3603 of the Code of 1873 pro-
vided that in proceedings on writ of error the
district court might render final judgment, or
remand the cause to the justice for a new trial, or
such further proceedings as should be deemed proper, and
might prescribe the notice necessary to bring the parties again
before the justice. The failure of the justice to issue a new
precept immediately did not operate to dismiss the cause, but
it remained in court for further proceedings after proper
notice should have been given. Its legal condition was similar
to that of a case docketed by the justice in which no notice has
been served nor appearance by the defendant entered. No
justifiable end would be accomplished by dismissing the cause
and requiring that it be commenced anew before the plaintiff
can have a trial on the merits of her cause. We conclude
that the action of the district court in remanding the cause was
correct. The judgment of the district court is, on both appeals,
AFFIRMED.