**Richard K. VANDEN BERG and Henriette Vanden Berg, Appellants,**

v.

**Donald Folker WOLFE, Appellee.**

**No. 54902.**

Supreme Court of Iowa.

April 13, 1972.

Rehearing Denied June 26, 1972.

John T. Nolan, Iowa City, for appellants.

Ralph Gearhart, Cedar Rapids, for appellee.

REES, Justice.

This appeal is from an order of the trial court overruling plaintiffs' motion for new trial bottomed basically on new evidence discovered subsequent to verdict and prior to judgment. The issues in the cause were tried to a jury and a verdict was returned against the plaintiffs and in favor of defendant. We affirm the trial court.

The automobile collision which is seminal to this action occurred about 4:20 p. m. on June 5, 1967 at the intersection of Miller Avenue and West Benton Street in Iowa City. The intersection in question is a "T" intersection, formed by the junction of Miller Avenue which runs north and south and has its northernmost terminus at the south curb line of West Benton Street, and Miller Avenue forms the stem of the "T" intersection. Immediately prior to the happening of the collision, plaintiff was proceeding easterly on West Benton Street, and defendant was entering the intersection from the south on Miller Avenue.

On the trial of the case a police officer, one Evans, testified as a witness for the plaintiff and identified a diagram of the accident scene which is in the record as plaintiff's exhibit 4. The diagram did not purport to show the width of either Benton Street or Miller Avenue, but did purport to show the point of impact as having occurred in the south or eastbound lane of Benton Street, and for reference showed the point of impact as being 24 feet from the north curb line of Benton Street. A second diagram, or schematic drawing of the accident scene, was introduced by defendant, which did not purport to show the point of impact, but did establish the width of West Benton Street as 24 feet and the width of Miller Avenue as 23 feet 8 inches.

Plaintiffs' exhibit 4 was prepared by Officer Evans who investigated the accident. He testified he had not measured the width of Benton Street, but estimated its width at 26 feet, more or less. He testified further the accident occurred in the eastbound traffic lane of Benton Street, and that at the instant of impact the left front corner (the corner which was hit) of defendant's car was two feet north of the south curb line of Benton Street.

Another plaintiffs' witness, one Carol Ann Pranske, who was in an automobile proceeding easterly on Benton Street, and following plaintiffs' car, testified the collision happened "right in the middle of the intersection".

The defendant himself, on direct examination, testified, "The front part of my car might have been a foot or so north of the south curb line when I stopped the second time, and when the collision occurred." And, on cross-examination by plaintiffs' counsel, he testified, "I might have been out in Benton Street, but not very far."

Following the rendition of the verdict in favor of defendant and against plaintiffs, a rough drawing, or diagram, of the intersection came to light in the possession of Patrolman Evans, the officer who had investigated the accident, and who had prepared, apparently from the rough drawing, plaintiffs' exhibit 4. A comparison of the rough drawing and plaintiffs' exhibit 4 does not disclose any significant differences.

Plaintiffs now contend they were prevented from having a fair trial, due to irregularity in the proceedings; because

of accident and surprise, which ordinary prudence could not have guarded against, and that the verdict is not sustained by sufficient accurate evidence; and further, because of material evidence newly discovered which could not have been discovered and produced at the trial. It is the contention of plaintiffs the police officer by having shown the distance between the north curb line and the point of impact as 24 feet, as it appears on plaintiffs' exhibit 4, in effect gave testimony which was incorrect and untrue, and that the jury was misled thereby.

In view of the fact the officer testified the accident occurred in the eastbound traffic lane of Benton Street, and that the point of impact was two feet north of the south curb line of Benton Street, and further testified that he had not measured the width of Benton Street, but estimated its width at 26 feet, *more or less,* we are unable to conclude the jury could have possibly been misled, or have acted under a misapprehension of fact. If, as the officer testified, the accident happened in the eastbound traffic lane of Benton Street, and two feet north of the south curb line thereof, the north and south dimension or width of Benton Street is not particularly relevant to establishing the location of the collision. In view of the testimony of the witnesses Pranske and Evans and the admissions of the defendant both upon direct and cross-examination, we conclude that the evidence which the plaintiffs now seek to introduce or would seek to introduce on the retrial of the case, would be cumulative to the evidence already in the record.

■ I. Even where adequate grounds appear for granting a new trial, the general rule requires movant to show: (1) that the evidence was discovered following trial and before judgment, (2) that it was not such as could have been discovered before the conclusion of the trial in the exercise of due diligence, (3) that it must be material to the issue, not merely cumulative or impeaching, and (4) that such evidence will probably change the result if a new trial is

granted. State v. Compiano, 261 Iowa 509, 518, 154 N.W.2d 845, 850; Farmers Insurance Exchange v. Moores, 247 Iowa 1181, 1187, 78 N.W.2d 518, 523. See also 58 Am. Jur.2d, New Trial, §§ 167, 168, 170, 171, 176; 66 C.J.S. New Trial §§ 103–105, 109, 110, 113.

■ II. Petitions for new trial, based upon newly discovered evidence, are not favored by courts, and should be closely scrutinized and granted sparingly. State v. Compiano, *supra,* 261 Iowa at 516, 154 N.W. 2d at 849; Loughman v. Couchman, 243 Iowa 718, 720, 53 N.W.2d 286, 288; Westergard v. Des Moines Railway Co., 243 Iowa 495, 499, 52 N.W.2d 39, 42; Eller v. Paul Revere Ins. Co., 230 Iowa 1255, 1260, 300 N.W. 535, 538. In ruling upon motions for new trial, the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Rule 344(f)3, Rules of Civil Procedure.

■ III. It is elementary that a new trial should not be granted for newly discovered evidence unless a different result because thereof is reasonably probable. Loughman v. Couchman, *supra,* 243 Iowa at 720, 53 N.W.2d at 288. See also Farmers Insurance Exchange v. Moores, *supra,* 247 Iowa at 1189, 78 N.W.2d at 524; 58 Am.Jur.2d, New Trial, § 171, pp. 385–386; 66 C.J.S. New Trial § 110, pp. 309–316.

■ We are not persuaded a different result because of the granting of a new trial on the basis of newly discovered evidence is reasonably probable. The point of impact at the time of collision was testified to directly by an eyewitness, and also identified by an investigating police officer based upon his observations at the scene of the accident.

We conclude the trial court's order overruling plaintiffs' motion for a new trial was not an abuse of its discretion. The case is therefore affirmed.

Affirmed.

All Justices concur.