Hillsborough
No. 6191

### FLORENCE HOYT v. HERMAN NICK

September 28, 1973

*Sheehan, Phinney, Bass & Green* and *G. Mitchell Eckel III* (*Mr. Eckel* orally) for plaintiff, Florence Hoyt.

*Wyman, Bean & Tefft* (*Mr. Stanton E. Tefft, Jr.* orally) for defendant, Herman Nick.

GRIFFITH, J. The main question presented in this automobile accident case is whether the court obtained jurisdiction where plaintiff served process upon the director of motor vehicles (RSA 264:1) but delayed forwarding to the defendant both notice of the substituted service and a copy of the process (RSA 264:2) until after the final day for service of process within the State (RSA 510:1).

Florence Hoyt brought an action of case to recover damages arising from personal injuries, property damage and other harm suffered in a collision of automobiles at Nashua on April 2, 1961, alleged to have resulted from the negligence of the defendant, Herman Nick. The period of the applicable statute of limitations (RSA 508:4) would have run on April 2, 1967. Plaintiff signed and dated her writ on March 31, 1967, and made it returnable May 2, 1967. April 17, 1967, was the last day for service within the State. RSA 510:1. Pursuant to RSA ch. 264 the writ was served by leaving it in the office of the director of motor vehicles on March 31, 1967, and on April 18, 1967, notice with a copy of the process was mailed to the defendant in Massachusetts. The notice and process were received by the defendant on April 21, 1967.

Defendant appeared specially and moved to dismiss the action on several grounds including failure to notify defendant of commencement of the suit until after the period of the statute of limitations had run; failure to send to defendant "forthwith" notice of substituted service upon the director together with a copy of the writ as required by RSA 264:2; and failure to send the statutory notice fourteen days prior to the return day appearing on the writ. RSA 510:1.

The parties submitted the motion for ruling upon an agreed statement of facts and the Superior Court (*Leahy,* C.J.) denied the motion subject to the defendant's exceptions.

*Hatch v. Hooper,* 101 N.H. 214, 138 A.2d 671 (1958), held that notice of service of process upon the director of motor vehicles mailed to the nonresident defendant fourteen days before the last day for service of process within the State was transmitted "forthwith" in compliance with RSA 264:2. "Forthwith" generally means, it was said, an act done "with all reasonable dispatch consistent with the circumstances" or "with due diligence, under all the circumstances." *Id.* at 218, 138 A.2d at 674; *see Hinse v. Burns,* 108 N.H. 58, 59, 226 A.2d 865, 866 (1967). The defendant in *Hatch v. Hooper* appeared and moved to dismiss more than two weeks before the return day. Therefore, the plaintiffs' service afforded the defendants more than the minimum time given persons served within the State to prepare their defense. RSA 510:1; *Rainford v. Newport,* 83 N.H. 465, 144 A. 70 (1928); *Burleigh v. Wong Soon Leun,* 83 N.H. 115,, 139 A. 184 (1927).

In this case plaintiff forwarded notice to defendant after the last day for service of process within the State. New Hampshire highway safety is promoted by rendering nonresidents as fully accountable in our courts for their driving conduct on the roads of this State as are New Hampshire residents. RSA ch. 264 "makes no hostile discrimination against nonresidents but tends to put them on the same footing as residents." *Hess v. Pawloski,* 274 U.S. 352, 356, 71 L. Ed. 1091, 1095, 47 S. Ct. 632, 633 (1926). We conclude that the legislature intended by its use of the word "forthwith" to afford, as consistently as possible, to a nonresident defendant over whom jurisdiction is sought under the substituted service statute, the same time in which to prepare his defense that he would have if personal service had been made upon him in this State. *See McLean Trucking Co. v. Stover,* 47 Del. (8 Terry) 110, 87 A.2d 879 (1951); *Nickerson v. Fales,* 342 Mass. 194, 172 N.E.2d 832 (1961); *Webb Packing Co. v. Harmon,* 39 Del. (9 Harrington) 22, 196 A. 158 (1937). The motion to dismiss for lack of timely notification of the defendant under RSA ch. 264 should therefore have been granted.

Since the date and not the service of the writ indicates the time when an action is commenced, the superior court

correctly ruled that the plaintiff's cause of action was not barred by the statute of limitations. RSA 508:4; *Brewster v. Brewster,* 52 N.H. 52, 60 (1872); *Clark v. Slayton,* 63 N.H. 402, 1 A. 113 (1885); *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958). Our dismissal of the plaintiff's suit for failure to seasonably notify the defendant does not render a judgment upon the merits and, therefore, plaintiff may bring a new action under the saving statute. RSA 508:10; *Adams v. Sullivan,* 110 N.H. 101, 261 A.2d 273 (1970); *see Paju v. Ricker,* 110 N.H. 310, 266 A.2d 836 (1970); *Carveth v. Latham,* 110 N.H. 232, 265 A.2d 1 (1970).

*Defendant's motion to dismiss granted.*

All concurred.