**Earl E. WOLFS, Appellant and Cross-Appellee,**

v.

**Ruth D. CHALLACOMBE and George L. Challacombe, Appellees and Cross-Appellants.**

**No. 55726.**

Supreme Court of Iowa.

May 22, 1974.

Traeger & Koempel, West Union, for appellant and cross-appellee.

Miller, Pearson & Gloe, Decorah, for appellees and cross-appellants.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

MASON, Justice.

This appeal by plaintiff and cross-appeal by defendants both have to do with the means employed by plaintiff to acquire personal jurisdiction over defendants under the provisions of the Iowa nonresident motorist statutes which govern commencement of actions against nonresidents for damages caused by operation of a motor vehicle within this state.

These statutes appeared in sections 321.-498 through 321.507, the Code, 1966. With the exception of the last paragraph of section 321.500, they remain unchanged in the Code 1973.

August 16, 1971, Earl E. Wolfs filed a petition at law in the Fayette district court alleging defendants, Ruth and George Challacombe, had negligently caused him personal injury and property damage in the amount of $25,196.48. The suit was the result of an automobile accident which occurred August 31, 1969, near Postville in Clayton County, Iowa, between plaintiff and George Challacombe, who was driving a car owned by his mother, Ruth, with her consent. Plaintiff is a resident of Iowa. At the time of the accident, and apparently at all times, since, defendants have been residents of Illinois.

August 17, 1971, plaintiff filed a copy of the original notice of the suit with the Commissioner of the Department of Public Safety. Section 321.500. The same day plaintiff mailed to each defendant by restricted certified mail notification of the filing of a copy of the original notice with the Commissioner; attached thereto were copies of the original notice as filed with the Commissioner and the petition. Section 321.501. The letters were addressed to each defendant individually at 181 S. Kenilworth Drive, Elmhurst, Illinois, which was the address of both defendants as shown on the report of motor vehicle accident prepared by the investigating patrolman at the time of the accident.

Plaintiff received these letters back September 3. The address on each envelope had been marked out with x's and the words "Box 781" written above the names. Each letter also had been stamped "Return to Sender, Unclaimed." These envelopes also had markings indicating notice of mail arrival, postal form 3849, had been filled out by a postal employee and placed in Box 781 as to each letter.

Before instigating this suit plaintiff had engaged in extensive negotiations with defendants' insurer, State Farm Mutual. Upon return of the letters attorney Koempel immediately asked State Farm for defendants' addresses. Insurer did not have a different address; the record shows an affidavit by an agent of insurer stating Ruth was no longer insured by the company and had refused to give it a new address, and the only address the insurer had was the one in Elmhurst.

After return of the letters immediate attempts to locate defendants via telephone directories and operators in Elmhurst and surrounding areas were unsuccessful.

September 21, plaintiff mailed to the sheriff of DuPage County, Illinois, notifications of filing of notice with the Commissioner; attached thereto were copies of

the original notice and petition. The sheriff was instructed to serve the documents on each defendant; the address given was 181 S. Kenilworth Drive, Elmhurst, Illinois. In the first week of October the sheriff returned service to plaintiff stating that service was not achieved because defendants had moved from the given address in October 1969 and could not be found in DuPage County.

Defendants appeared specially October 9, 1971, alleging jurisdiction had not been obtained over them because the attempted service under the nonresident motorist statute was defective. October 15, plaintiff filed a resistance to the special appearance and attached the sheriff's return of service showing defendants could not be found in DuPage County. On this date proof of service of the August 17 mailing was also filed alleging that mailing by restricted certified mail of the required documents under section 321.501 had been addressed to defendants at their last known residence. An amended proof of service filed November 2 stated the return receipts of the August 17 mailing were not attached because defendants refused to accept and rejected the notification.

After the filing of the special appearance attorney Koempel made numerous inquiries from various sources in both Iowa and Illinois in an attempt to ascertain defendants' whereabouts. November 3 the Illinois Secretary of State informed her defendants' address was 5700 Hillcrest Lane, Apartment 1H, Lisle, Illinois. November 12 Koempel traveled to Illinois and after a somewhat frustrating search located the address in an apartment complex outside Lisle. The label for the doorbell of apartment 1H contained only the name F. Robinson. On the mailbox for apartment 1H, located behind a partition in the lobby, the name F. Robinson was written in the normal space for names, but above this was the name Challacombe printed on stamp-out tape.

New original notices and notifications were again prepared and mailed to the sheriff of DuPage County with instructions to serve same on the defendants at the Lisle address. Personal service on defendants was effected November 24, 1971; return of service was filed December 6. Defendants filed a second special appearance attacking the jurisdiction purportedly obtained by the November 24 service.

A hearing was held March 3, 1972, on both special appearances. Koempel testified as set out above in regard to the attempts at achieving service on defendants. By interrogatory, defendant George Challacombe testified that from August 17 to September 2, he was receiving mail at Box 781, Elmhurst, Illinois; during this period he did not receive any notice of mail arrival indicating there was a certified letter for him mailed at West Union, Iowa. However, he did testify his mother received two such notices.

Ruth Challacombe testified by interrogatory she received a yellow notice of mail arrival indicating there was a certified letter for her mailed from West Union, Iowa. About August 30 she took these notices to the post office but was informed the letter had been returned to sender. Mrs. Challacombe had been on vacation for about six weeks prior to August 30 and had not personally picked up her mail from Box 781 before that approximate date; her son George had picked up some mail for her during her vacation however. George had not picked up the certified letters because they were addressed to his mother and he felt he could not sign for them. Both special appearances were overruled.

Defendants thereafter filed a motion to dismiss the petition insofar as it related to personal injury on the grounds the statute of limitations barred the action. The court sustained the motion on the basis personal service was not achieved on defendants until November 24, 1971, and such was beyond the statute of limitations for personal injury actions.

Section 614.1, The Code, 1966, provided:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"* * *

"(2) *Injuries to person or reputation—relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years." (Emphasis in the original)

The August 17 original notice was the only original notice filed with the Commissioner of the Public Safety Department of the state of Iowa. In accordance with section 321.500 defendants were notified to appear and defend before noon of the sixtieth day following the filing of the notice with the Commissioner. Of course, this period had elapsed before the November 24 original notice was served on defendants. This second notice, in addition to advising defendants that an original notice of suit against them, a copy of which was attached, had been served upon each of them at Des Moines, Iowa, by filing a copy of said notice on the 17th day of August 1971 with the Commissioner of the Public Safety Department of the state of Iowa, directed defendants to appear before noon on the sixtieth day following service of the original notice upon them.

This court granted permission to take an interlocutory appeal. Rule 332, Rules of Civil Procedure.

Plaintiff's appeal presents as issues for review the action of the trial court: (1) in sustaining the motion to dismiss; in holding defendants were not served with an original notice until November 24 and the August filing with the Commissioner and subsequent mailing to defendants pursuant to section 321.501 did not toll the statute of limitations thus making the November 24 service sufficient to confer jurisdiction; (2) and (3) in sustaining defendants' motion to dismiss because defendants refused or rejected notice mailed August 17; (4) in failing to exclude the time defendants were not residents of Iowa in computing the two-year statute of limitations; and (5) in sustaining the motion to dismiss because plaintiff's petition does not show on its face that the statute of limitations had run.

Defendants cross-appealed from the overruling of their two special appearances. They contend plaintiff failed to carry his burden of proving notification of filing was either delivered to defendants or refused by them; the November 24 service did not substantially comply with applicable code provisions.

In an action against a nonresident original notice is served pursuant to section 321.501 which states:

"* * * 1. By filing a copy of said original notice of suit with said commissioner, together with a fee of two dollars, and

"2. By mailing to the defendant, and to each of the defendants if more than one, within ten days after said filing with the commissioner, by restricted certified mail addressed to the defendant at his last known residence or place of abode, a notification of said filing with the commissioner."

Section 321.504 provides that notification to a nonresident defendant may be served personally in a foreign state in lieu of mailing.

I. With the foregoing background in mind we turn to plaintiff's contention the court erred in concluding the statute of limitations had expired insofar as his claim for personal injuries is concerned.

This contention as well as those asserted by defendants in their cross-appeal present the issue whether means employed by plaintiff were effective to acquire personal jurisdiction over defendants under the Iowa nonresident motor vehicle statutes.

■ Before personal jurisdiction can be obtained under these statutes a proper service of process upon the Commissioner of the Department of Public Safety must be had and notice must be sent by restricted certified mail. Plaintiff has the burden to show either the notices were received by filing the return receipts or that defendant had an opportunity to receive the letter of notification but refused to do so. Emery Transportation Co. v. Baker, 254 Iowa 744, 748–751, 119 N.W.2d 272, 276–277.

One consistent principle adhered to by this court in regard to service on nonresidents is that the requirements under section 321.501, set out earlier, must be strictly complied with. Esterdahl v. Wilson, 252 Iowa 1199, 1203–1205, 110 N.W.2d 241, 243–244; Emery Transportation Co. v. Baker, 254 Iowa at 747, 119 N.W.2d at 275, and Matney v. Currier, 203 N.W.2d 589, 593 (Iowa 1973).

The record discloses that at the hearing on the special appearances it was stipulated and agreed between the parties that a copy of the original notice with the petition attached was filed with the Commissioner of Public Safety and the $2.00 filing fee required was paid. No question was raised as to the sufficiency of the filing.

■ The controversy thus centers on the second paragraph of section 321.501. In mailing the notice of filing required by this statute plaintiff can rely on the address given by defendant to the proper public authorities at the time of the accident, at least until he is notified by defendant or his representatives to the contrary. Kraft v. Bahr, 256 Iowa 822, 830–831, 128 N.W.2d 261, 265–266. However, the act of timely mailing a notification of the filing with the Commissioner properly addressed to the person named at his last known residence or place of abode by means of restricted certified mail does not end plaintiff's obligation.

A return receipt showing notification of filing with the Commissioner has been de-livered is required by section 321.505, and with the possible exception of refusal by addressee to accept offered delivery of the notification, plaintiff must show actual delivery of the notice, usually by the return receipt.

■ But where plaintiff is able to establish absence of a return receipt showing actual delivery is attributable to the nonresident's refusal to accept delivery of notification addressed to him when he had opportunity to do so the statute is satisfied since a defendant cannot by his own willful act, or refusal to act, prevent plaintiff from maintaining his action. Emery Transportation Co. v. Baker, 254 Iowa at 750–751, 119 N.W.2d at 277. See Annot., 95 A.L.R.2d 1023, 1045–1050.

■ As indicated, the envelopes containing notification of filing with the Commissioner addressed and mailed to defendants at the addresses shown by the investigating officer's report of accident were returned to plaintiff marked "unclaimed." The facts in Emery in this respect are similar. There the envelope containing notification addressed and mailed to the last known residence of defendant was also returned to plaintiff sender marked "unclaimed." This court noted that this return did not disclose a "refusal" by addressee to accept notification—merely a failure by him to call at the post office for the letter when requested by postal authorities. The court held in the cited case that only where it is shown delivery was "refused" will the service be assumed complete; the fact defendant did not call at the post office to obtain the envelope did not constitute a good and sufficient delivery of the notice to him. The notation on the envelopes that the letters were "unclaimed" was not evidence of the nonresidents' refusal to accept delivery thereof.

In light of the foregoing pronouncements in Emery it cannot be said plaintiff sustained his burden of proving absence of a return receipt showing actual delivery of

notifications of filing with the Commissioner was attributable to defendants' refusal to accept offered delivery of such notification.

Plaintiff urges that construction of the statute in *Emery* which places this burden on plaintiff should be overruled. We are not persuaded to do so since the principles of law stated therein appear to be in accord with the weight of authority. See 95 A.L.R.2d at 1045–1050.

At another point in argument as a basis for support of this assignment plaintiff contends such construction violates his constitutional right of due process.

■ Ordinarily, issues not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. Furthermore, the constitutionality of a statute may not be considered as a basis for reversal where the question was not raised in the lower court. State v. Russell, 216 N.W.2d 355, 356 (Iowa 1974). Since plaintiff's contention in this respect was not urged in the trial court it presents nothing for review in this court.

When the return receipt for certified mail showed other than actual delivery and the evidence was insufficient to establish defendants' refusal to accept delivery when tendered it then became plaintiff's obligation to seek other means of notifying defendants service of process had been made on them August 17 at Des Moines, Iowa by filing a copy of the original notice with the Commissioner of the Department of Public Safety if the Fayette court was to have personal jurisdiction of these nonresidents. See *Emery*, 254 Iowa at 750–751, 119 N.W.2d at 277.

In this connection our de novo review of the record discloses that when the envelopes containing the notification of filing with the Commissioner bearing the notation "unclaimed" were returned to plaintiff September 3, plaintiff made strenuous effort to locate defendants. After much cor-respondence, including inquiry made of defendants' insurer, notifications of filing with the Commissioner with copies of the original notices attached were mailed to the sheriff of DuPage County, Illinois on September 21. He was instructed to serve the documents on each defendant at an address plaintiff had obtained from the accident report. After plaintiff was advised in early October by the DuPage County sheriff that service could not be made on defendants since they could not be found in DuPage County, counsel then made further efforts to locate defendants, including a personal trip to Illinois to ascertain their whereabouts. Finally on November 24 defendants were personally served with original notices to which there was attached duplicate copies of the August 17 notification of filing with the Commissioner and copies of the first original notices.

This record compels the conclusion plaintiff continued to pursue the optional means of notification prescribed under section 321.504 as required by *Emery* of a plaintiff whose mailing of notice was not received by a nonresident defendant.

A look at the form of the notice and the circumstances surrounding the service thereof made November 24, 1971, tells us: (1) the notice was served more than two years after the date of the accident; (2) the notice was served more than 60 days after the filing of the original notice with the Commissioner of the Public Safety Department of Iowa; (3) the notice informed defendants of the filing made with the Commissioner on August 17; (4) it notified defendants to appear on or before noon of the sixtieth day following service of the original notice upon them; and (5) the August 17 service of process on the Commissioner was never successfully attacked.

In this last respect the case before us differs from the factual situation in Matney v. Currier, 203 N.W.2d 589, 590–591, where the legal efficacy of the notice filed with the Commissioner of Public Safety

was completely destroyed by the court's sustaining defendant's special appearance before a new notice addressed to the non-resident defendant was mailed. It also differs from Emery Transportation Co. v. Baker, 257 Iowa 1260, 136 N.W.2d 529, often referred to as *Emery II* to distinguish it from the earlier case of the same name appearing in 254 Iowa 744, 119 N.W.2d 272, a case where the court held that after jurisdiction had been successfully attacked plaintiff cannot serve new and different notices and have the acquiring of jurisdiction relate back to the filing of notice with the Commissioner. In other words, the second notice had nothing to relate back to in *Emery II*.

The service of process on the Commissioner was made August 17. As stated, plaintiff initially attempted the second procedural step to confer jurisdiction on the Fayette district court by mailing by means of restricted certified mail on August 17 notification of filing with the Commissioner. Thus, both the filing and mailing were done prior to the expiration of the two-year statute of limitations.

Although the mailing did not result in the return of receipt showing actual delivery or that defendants had refused delivery when offered, the optional means of notification prescribed under section 321.504 were then promptly pursued by plaintiff. The notifications mailed to defendants August 17 and the notifications actually served on them by the sheriff November 24 are exactly the same, word for word— not on the same piece of paper since the original pieces of paper are contained in the envelopes marked exhibits D and E in this matter. They are duplicates of the ones originally mailed and of the original notice filed with the Commissioner, not new notices.

■ The time of mailing notification is an element of importance in fixing jurisdiction. If each step is taken as required by sections 321.500 to 321.505, inclusive, the date of actual jurisdiction is fixed as the date of filing with the Commissioner and the mailing of notification. *Emery II*, 257 Iowa at 1265–1266, 136 N.W.2d at 532.

In Kraft v. Bahr, 256 Iowa at 832, 128 N.W.2d at 266, this court said: " * * * [W]e have never construed the sections * * * [321.500 to 321.505] as placing any restriction on the date of delivery to defendant of a properly-addressed and timely-mailed notification."

■ It appears logical to us where the return receipt for restricted certified mail is returned to the sender showing other than actual delivery or refusal along with the envelope containing the notification marked "unclaimed" after having been timely mailed and plaintiff then seeks to perform his obligation of notification of the filing by causing defendants to be personally served in another state under section 321.504, jurisdiction should not be defeated due to the fact the notice is not actually served before the statute of limitations had expired.

This is particularly true where the non-residents are afforded adequate notice and an opportunity to defend themselves. Here, the original notice actually served told defendants *when* and *where* they must appear to answer for *what*.

It is our view the November 24 notice related back to the service of process on the Commissioner and the date of mailing of notification by restricted certified mail.

We hold the means employed by plaintiff under the record before us were in strict compliance with the statute and effective to acquire personal jurisidiction over defendants under the Iowa nonresident motor vehicle statutes before the statute of limitations had expired insofar as his claim for personal injuries is concerned.

The trial court erred in holding otherwise.

In view of the foregoing determination it is not necessary to reach the other issues presented for review by plaintiff's appeal.

II. What we have said in division I of this opinion is adverse to the contentions urged by defendants in the two issues they present for review by their appeal from the court's ruling on their special appearances.

We have considered each issue presented and the brief points urged under each issue in support thereof and conclude in view of our holding in division I that the cross-appeal is without merit and the trial court was correct in its ruling.

■ The original notice served on defendants November 24 gave them the statutory time to appear and answer. The fact this time, by necessity, was a different period than the original notice served on the Commissioner was not in itself prejudicial and was in full compliance with due process requirements. See Heeney v. Miner, 421 F.2d 434, 438 (8 Cir. 1970).

With directions to the trial court to reinstate plaintiff's claim for personal injuries and proceed with the matter in accordance with the Rules of Civil Procedure, the case is therefore—Reversed on plaintiff's appeal, affirmed on defendants' appeal and remanded.

All Justices concur except UHLEN-HOPP, J., who dissents.

UHLENHOPP, Justice (dissenting).

A plaintiff files the original notice with the commissioner requiring the defendant to appear within 60 days after such filing. Code 1973, § 321.501. Section 321.501 provides that the plaintiff then mails

to the defendant, and to each of the defendants if more than one, *within ten days after said filing with the commissioner,* by restricted certified mail addressed to the defendant at his last known residence or place of abode, a *notification* of the said filing with the commissioner. (Italics added.)

The statute proceeds in § 321.504:

In lieu of mailing said notification to the defendant in a foreign state, plaintiff may cause said notification to be personally served in the foreign state on the defendant by any adult person not a party to the suit, by delivering said notification to the defendant or by offering to make such delivery in case defendant refuses to accept delivery.

These two sections, set forth in order as they are, convey the idea that the plaintiff has ten days to mail *or* to serve personally, whichever he chooses.

A different interpretation can lead to the result, as it did here, that the appearance date in the original notice filed with the commissioner is meaningless—and that paper constitutes the *original notice*. Since that original notice requires the defendant to appear within 60 days after its filing with the commissioner, if the plaintiff personally serves the *notification* within ten days, the defendant still has 50 days to appear. But if the plaintiff serves the *notification* 70 days after the original notice is filed with the commissioner, the defendant is already in default when the notification is served on him. The statute nowhere says the *notification* may set a new appearance date. That paper is merely a notification of the *original notice* filed with the commissioner, and that original notice sets the appearance date.

These extra-territorial notice statutes are strictly applied. Emery Transp. Co. v. Baker, 254 Iowa 744, 119 N.W.2d 272. I think they were not complied with here.