Jerry N. GRAY, Appellant,

v.

Raymond J. LUKOWSKI, Appellee.

No. 56129.

Supreme Court of Iowa.

April 14, 1976.

**36**

Gene V. Kellenberger and Mark Belz, Cedar Rapids, for appellant.

Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

RAWLINGS, Justice.

Plaintiff appeals from trial court adjudication sustaining defendant's special appearance. We affirm.

This case stems from a June 23, 1970, plaintiff-defendant automobile collision in Cedar Rapids. At that time both parties were Iowa residents but prior to commencement of the instantly involved action defendant had located in Omaha, Nebraska. Therefore notice to him as a nonresident was governed by Sections 321.498–321.505, The Code 1971.

May 31, 1972, plaintiff filed an original notice with the Iowa Department of Public Safety Commissioner. June 2, he filed a "Notification to Nonresident" and an affidavit by his attorney stating he had mailed said notification to defendant at his last known address. At the same time plaintiff filed a commissioner's "Certificate of Filing of Original Notice". June 9, plaintiff filed a proof of service affidavit as to the "Notification to Nonresident", bearing defendant's June 3, 1972, acknowledgment of receipt.

June 12, defendant filed a special appearance (Iowa R.Civ.P. 66) challenging jurisdiction of the Linn District Court over the person of defendant. This was predicated upon an alleged absence of compliance by plaintiff with Code §§ 321.500 and 321.505.

Section 321.500, prescribing the original notice form as to actions against nonresident motorists says, in relevant part:

"[T]hat part of said notice pertaining to the return day shall be in substantially the following form, to wit:

" 'and unless you appear thereto and defend in the district court of Iowa in and for ___ county *at the courthouse* in ___, Iowa *before noon of the sixtieth day* following the filing of this notice with the commissioner of the public safety department of this state, *default will be entered and judgment rendered against you* by the court.' " (emphasis supplied).

The italicized words denote the initial original notice deficiencies raised by defendant's special appearance. First, in this regard, the notice instructed defendant to "appear before the [Linn County District] Court at Cedar Rapids in Linn County, Iowa," making no mention of the *courthouse* in said city. Next, defendant was instructed to appear "on or before the Sixtieth (60) day following the *service and filing* of this notice with the Commissioner", without reference to *noon* of the sixtieth day. Finally, it stated, "default will be entered and judgment will be rendered against you for the relief demanded in the petition," a slight variance from the statutory wording.

And Section 321.505 says:

"*Proof of the filing of a copy of said original notice of suit with the commissioner,* and proof of the mailing or personal delivery of said notification to said nonresident *shall be made by affidavit of the party doing said acts. All affidavits of service shall be endorsed upon or attached to the originals of the papers to which they relate. All proofs of service,* including the restricted certified mail return receipt, *shall be forthwith filed with the clerk of the district court.*" (emphasis supplied).

Here the above italicized words indicate an additional basis of defendant's special appearance. At time of hearing thereon no affidavit was on file in the district court clerk's office disclosing a copy of the original notice had been filed with the commissioner. Absence of compliance with the § 321.505 "forthwith" filing requirement was also alleged.

August 9, 1972, at 1:30 p. m., trial court heard arguments on the special appearance and the matter was finally submitted and taken under advisement. Sometime later that day plaintiff attempted to overcome defendant's § 321.505 objectives by belatedly filing in the district court clerk's office an affidavit of filing of the original notice with the commissioner, absent prior notice to defendant and without trial court's permission or order reopening the cause for further proof. Attached to this affidavit was a *photocopy* of the original notice with the name of plaintiff's attorney, as signer, *typed* thereon.

August 11, or two days after the aforesaid hearing and plaintiff's attempted "cure", trial court sustained the special appearance.

As to the first ground urged by defendant in attacking jurisdiction over his person (the three alleged deficiencies in the original notice, judged against the wording of § 321.500, quoted *supra*), trial court made no specific finding, but the import of its holding is that the time for appearance set forth in the original notice was not self-negating. Demonstrably, the court stated:

"Although the use of the words set forth in [§ 321.500] is obviously desirable, it is not required. It is required that this portion of the original notice only be in substantially the same form as set forth in the Code. *If this were the only facet of this dispute, the Court would be inclined to hold that plaintiff's original notice does substantially comply with the form and wording set forth in Code Section 321.500.*" (emphasis supplied).

In summary, trial court held (1) strict compliance with service provisions of § 321.-

505 was required in order to obtain jurisdiction over defendant nonresident motorist; (2) proof of filing of a copy of plaintiff's original notice with the safety commissioner was not made by affidavit of the party filing a copy thereof with the commissioner until *after* defendant's special appearance had been argued, submitted and taken under advisement; (3) "[i]f, indeed, this proof may be considered by the Court at all in the circumstances, it could hardly be considered filed 'forthwith' as provided by the Code"; and (4) the tardily filed affidavit "is not endorsed on or attached to the original of the original notice, but is attached to what is patently a photostatic copy of the original notice."

Plaintiff presents these issues for review, denominated "brief points". See Iowa R.Civ.P. 344(a)(2).

1. Did trial court err in holding plaintiff had not complied with § 321.505? More specifically:

A. Could trial court properly consider plaintiff's proof of filing of the original notice with the commissioner when such evidential showing was not made until after arguments on and submission of defendant's special appearance?

B. If said "filing" was properly before the court was it error to hold plaintiff had not filed the affidavit "forthwith"?

C. Did trial court err in holding the affidavit was deficient because not attached to the original "original notice"?

We find the answer to issue 1A above is dispositive, therefore the remaining questions are not reached.

I. In support of his position on the issue entertained, plaintiff prefatorily contends trial court's adjudication, adverse to him, was based solely on his noncompliance with § 321.505 relating to proof of filing of a copy of the original notice with the public safety commissioner. In attacking such holding he argues the cited enactment is ministerial, not jurisdictional. Stated otherwise, plaintiff maintains jurisdiction was obtained by adequate service of process upon defendant and "proof of service", even if defective, did not adversely affect jurisdiction once had. This contention misses the mark.

*Boyer v. Broadwater*, 168 N.W.2d 799, 801 (Iowa 1969), declares, in relevant part:

"It is generally held jurisdiction is acquired by the fact of service, not the proof of service. It is also generally held proof of service may be amended. 42 Am.Jur., Process, section 131, page 113; 72 C.J.S. Process § 116, page 1181; *Mintle v. Sylvester*, 197 Iowa 424, 426, 197 N.W. 305, 306; *Coster v. Jensen*, 218 Iowa 1215, 1216, 257 N.W. 303."

And in *Wolfs v. Challacombe*, 218 N.W.2d 564, 569 (Iowa 1974) we said with reference to our nonresident motorist action enactments:

"Before personal jurisdiction can be obtained under these statutes a proper service of process upon the Commissioner of the Department of Public Safety must be had and notice must be sent by restricted certified mail. Plaintiff has the burden to show either the notices were received by filing the return receipts or that defendant had an opportunity to receive the letter of notification but refused to do so. *Emery Transportation Co. v. Baker*, 254 Iowa 744, 748–751, 119 N.W.2d 272, 276–277.

"One consistent principle adhered to by this court in regard to service on nonresidents is that the requirements under section 321.501, set out earlier, must be strictly complied with. *Esterdahl v. Wilson*, 252 Iowa 1199, 1203–1205, 110 N.W.2d 241, 243–244; *Emery Transportation Co. v. Baker*, 254 Iowa at 747, 119 N.W.2d at 275, and *Matney v. Currier*, 203 N.W.2d 589, 593 (Iowa 1973)."

We also observed in *Wolfs*, 218 N.W.2d at 571:

"The time of mailing notification is an element of importance in fixing jurisdiction. *If each step is taken as required by sections 321.500 to 321.505, inclusive*, the date of actual jurisdiction is fixed as the date of filing with the Commissioner and the mailing of notification. *Emery II [Emery Trans. Co. v. Baker]*, 257 Iowa

[1260] at 1265–1266, 136 N.W.2d [529] at 532." (emphasis supplied).

■ Mindful of the pronouncements in *Boyer* and *Wolfs*, both *supra*, we look now to the meaning and effect thereof, thus aptly stated in 72 C.J.S. Process § 90b at 1129:

"It is generally considered that the service of process, rather than a return or proof of service, is the jurisdictional requisite, and that the court acquires jurisdiction, if at all, through proper service, and not through the return thereof. * * *In order, however, that service may be shown to have been duly made, a proper return is ordinarily necessary, and without it the trial court is not authorized to find that it has jurisdiction*; and there is authority to the effect that legal proof of the service of a summons, whether personally or by publication, is a jurisdictional matter." (emphasis supplied).

See also 72 C.J.S. Process § 105; 62 Am. Jur.2d, Process, §§ 164–165; cf. *Rock & Son v. Singmaster*, 62 Iowa 511, 512, 17 N.W. 744 (1883).

II. So the question posed is whether plaintiff's post-submission affidavit of the filing of a copy of the original notice of suit with the state public safety commissioner sufficed to remedy the self-evident deficiency.

As previously stated, defendant's June 12, 1972, special appearance alleged plaintiff had failed to show (by affidavit) the filing of original notice with the commissioner as required by § 321.505, quoted above. For one month thereafter plaintiff did nothing to overcome the clearly disclosed omission. August 9, hearing was had on defendant's special appearance at which time arguments were presented, the matter finally submitted, and taken under advisement. Later that day, absent leave of court to so do, or order of court reopening the cause for further proof, and without noticed opportunity for defendant to resist, plaintiff submitted the previously omitted affidavit.

■ In an attempt to overcome his default plaintiff now argues the belatedly filed instrument was an amendment to the prior (June 9) "Proof of Service and Delivery of Restricted Mail" wherein "Service of Notification to Nonresident", another requisite of § 321.505, was certified. We are not so persuaded. The tardily filed instrument neither specifically nor inferentially purports to amend any previously filed instrument. Furthermore, trial court was never alerted to .any such "amendment" theory.

■ Admittedly, proof of service may be timely amended. See *Boyer v. Broadwater*, 168 N.W.2d at 801. There, however, the amendment was distinguishably effected *prior* to a hearing on the involved special appearance.

Overlooking the involved statutory "forthwith" filing requirement of § 321.505, it still remains plaintiff fatally failed to establish a basis, in course of the special appearance hearing, upon which trial court could find requisite jurisdiction had in fact obtained. See 72 C.J.S. Process § 90b, quoted above.

At this point plaintiff's failure to (1) secure an order of court for leave to file the belated instrument, or to reopen the cause for further proof, and (2) give due notice to opposing counsel with regard thereto, becomes significant. These factors will be considered in the order presented.

At the outset:

"[W]hen a defendant, by special appearance, makes a direct attack upon the jurisdiction of a court the burden is on plaintiff to sustain the requisite jurisdiction, but once a prima facie showing has been made by him the burden of going forward with the evidence is upon defendant to overcome or rebut, if possible, such prima facie case." *Tice v. Wilmington Chemical Corp.*, 259 Iowa 27, 47, 143 N.W.2d 86 (Supp.Opin.1966).

■ Moreover, leave to file the omitted document, or reopen the cause for introduction in evidence of the belated affidavit, rested entirely in trial court's sound discretion. See *Anderson v. City of Council Bluffs*, 195 N.W.2d 373, 378 (Iowa 1972); Iowa R.Civ.P. 192; cf. *Vanden Berg v.*

*Wolfe*, 196 N.W.2d 420, 422 (Iowa 1972); Iowa R.Civ.P. 244(g). In other words, it was not a matter of right. See *Carpenter v. Lothringer*, 224 Iowa 439, 454, 275 N.W. 98 (1937).

On the other hand, if a cause is reopened for such purpose, opposing counsel must ordinarily be permitted to contest or refute same. See 75 Am.Jur.2d, Trial, § 157; 88 C.J.S. Trial § 111. More specifically, as stated in *Jeffries v. Rudloff*, 73 Iowa 60, 62, 34 N.W. 756, 757 (1887), (cited on point in 62 Am.Jur.2d, Process § 172, n. 1 at 954): "A liberal discretion is reposed in the court, *upon due notice to parties adversely interested*, to permit returns on process to be amended for the purpose of correcting mistakes; * * *." (emphasis supplied).

When confronted with a special appearance in this nonresident case the burden was upon plaintiff to prima facie establish trial court's jurisdiction. This included proof of both adequate service of notice *and* compliance with all statutory requirements relating thereto. Had plaintiff so done defendant would have been required to go forward with the evidence and in so doing overcome or rebut the case made by plaintiff. Here, however, plaintiff failed to meet the burden imposed upon him in that he did not make sufficient showing upon which trial court could ascertain jurisdiction had attached. Consequently, the burden of going forward never shifted.

Briefly stated, plaintiff (1) had 30 days after being unmistakably alerted by defendant's special appearance within which to supply the omitted document; (2) failed to provide timely proof of facts upon which trial court could effectively determine jurisdiction had obtained; and (3) belatedly attempted to inject the previously lacking essential element of proof absent leave of court to so do and without notice thereof to defendant. Under these circumstances trial court correctly found the questioned affidavit could be accorded no consideration. Any other view would be unfair to the opposing party and undermine purposeful well settled procedural standards.

Furthermore, we find no abuse of discretion by trial court in failing to sua sponte reopen the case, after final submission, for the purpose of making further record.

III. Additionally, but in the same vein, trial court found:

"Proof of the filing of a copy of plaintiff's original notice of suit with the commissioner was not made by affidavit * * * until after the matter of [defendant's] personal appearance had been argued, submitted, and taken under advisement by the Court. If, indeed, this proof may be considered by the Court at all in the circumstances, it could hardly be considered filed 'forthwith' as provided by the Code [§ 321.505, quoted *supra*]." (emphasis supplied).

In varying factual and statutory contexts the word "forthwith" has been said to mean anywhere from "immediately" [*Emmons v. Ingebretson*, 279 F.Supp. 558, 568 (N.D. Iowa 1968) and *Gates v. Knosby*, 107 Iowa 239, 242, 77 N.W. 863 (1899)], to absence of unreasonable delay [*Lyon v. Comstock*, 9 Iowa 306, 309 (1859)]. See generally 17 Words and Phrases, "Forthwith", 605–632 (perm. ed. 1958).

Without belaboring the point further we now hold trial court correctly concluded plaintiff's failure to forthwith file the statutorily required proof of service barred consideration of the aforesaid belatedly filed instrument. This conclusion finds more than minimal support in *Paradis v. Cicero*, 167 So.2d 248, 249 (Fla.App.1964), followed in *Parish Mortgage Corporation v. Davis*, 251 So.2d 342, 343 (Fla.App.1971); *Hoyt v. Nick*, 113 N.H. 478, 309 A.2d 917, 919 (1973).

In light of the foregoing it necessarily follows trial court did not err in sustaining defendant's special appearance.

IV. Although the adjudication from which this appeal is taken must stand such shall not, per se, preclude plaintiff from commencing the same cause of action anew under the provisions of Code § 614.10 within six months from issuance of proce-

dendo by this court. A contrary holding would serve, in effect, to improperly penalize plaintiff for having appealed. See *Paju v. Ricker*, 110 N.H. 310, 266 A.2d 836, 838 (1970); *Adams v. Sullivan*, 110 N.H. 101, 261 A.2d 273, 276 (1970). See generally *Wilson v. Wright*, 189 N.W.2d 531 (Iowa 1971).

AFFIRMED.

MOORE, C. J., and MASON, REES and REYNOLDSON, JJ., concur.

UHLENHOPP, LeGRAND, HARRIS and McCORMICK, JJ., dissent.

UHLENHOPP, Justice (dissenting).

At the time of these events service of notice on a nonresident motorist was accomplished by filing with the commissioner of public safety a copy of the original notice and by mailing to the motorist a notification of such filing. Code 1973, § 321.501. Plaintiff established beyond question that he did both of those things. He filed in district court (1) the commissioner's own certificate that the original notice had been filed and (2) the motorist's own acknowledgment that the notification of filing had been received.

The nonresident motorist objects however that under § 321.505 the return of service was defective. But the service of notice is the crucial step. The return merely reports what the service was. If the service is proper but the return does not fully or accurately report the service, the return can be amended or supplemented to speak the truth. 62 Am.Jur.2d Process § 172 at 953; 72 C.J.S. Process § 116 at p. 1181. This court has said, "It is the fact of service that confers jurisdiction, not the return of service merely." *Mintle v. Sylvester*, 197 Iowa 424, 426, 197 N.W. 305, 306.

We have long had a statute permitting officers to make amended returns of service if a return is not made or is incorrectly made. Code 1975, § 617.2. But this court has held, "Independent of the statute, the power to permit amendments is inherent in the courts and exists at common law." *Mintle v. Sylvester*, supra, at 426, 197 N.W.

at 306. So here, the trial court had inherent power to permit plaintiff to amend by adding to the commissioner's certificate and the motorist's receipt an amended return conforming to the formal requirements of § 321.505. The trial court should have permitted plaintiff to make such an amendment within a specified time, in view of the documents before the court at the hearing showing that service had in fact been accomplished under § 321.501.

I would reverse.

LeGRAND, McCORMICK and HARRIS, JJ., join this dissent.